HISAW & ASSOCIATES GENERAL
CONTRACTORS, INC.,
Appellant,

v.

CORNERSTONE CONCRETE SYS-
TEMS, INC. and Mapfre Reinsurance
Corporation f/k/a Chatham Reinsur-
ance Corporation, Appellees.

No. 2–02–293–CV.

Court of Appeals of Texas,
Fort Worth.

April 10, 2003.

Rehearing Overruled July 24, 2003.

Roger Yale, Denton, Strasburger & Price, L.L.P., P. Michael Jung and Christine D. Roseveare, Dallas, for Appellant.

Short, How, Frels & Heitz, William B. Short, Jr. and Mark Frels, Dallas, Kelsey, Kelsey & Collister, P.C., Richard H. Kelsey, Denton, for Appellees.

Panel A: DAVID L. RICHARDS, J. (Sitting by Assignment); DAY and LIVINGSTON, JJ.

## OPINION

PER CURIAM.

This appeal is from a judgment confirming an arbitration award settling disputes between two construction contractors and an intervening corporate surety. Appellant Hisaw & Associates General Contractors, Inc. ("Hisaw") contends the trial court erred in two respects: (1) it lacked the requisite jurisdiction to enter the judgment; and (2) the trial court abused its discretion in granting Appellee Mapfre Reinsurance Corporation f/k/a Chatham Reinsurance Corporation's (Chatham) plea in intervention. Hisaw asks us to vacate the trial court's judgment and dismiss the case. We will affirm.

### Facts

In 1997, Hisaw and Cornerstone Concrete Systems, Inc. (Cornerstone) entered into a subcontract under which Corner-

stone was to provide goods and services to Hisaw in conjunction with Hisaw's construction of an elementary school. The subcontract included a dispute arbitration clause. During the course of the project, conflicts arose, leading each party to contend that the other breached the subcontract.

Chatham is a company providing surety bonds for contractors, including surety bonds for construction projects undertaken by Cornerstone. On March 27, 1998, Cornerstone made a written assignment to Chatham of its rights to any and all funds received pursuant to the subcontract at issue and to any claims and rights of action accrued or to be accrued as a result of the project.

In 1999, Cornerstone filed suit against Hisaw for breach of contract. Cornerstone noted in its petition that the parties were involved in arbitration through the American Arbitration Association. Hisaw subsequently filed a counter-claim alleging breach of contract, fraud, negligence, and breach of warranty. Both parties agreed to an order of abatement, allowing the previously filed arbitration to proceed.

On October 9, 2001, Hisaw filed a plea in abatement before the trial court and the arbitration panel, asking both to abate the arbitration on the ground that Cornerstone no longer had a justiciable interest because of its assignment of rights against Hisaw to Chatham. The arbitrators denied the plea and commenced the arbitration. On November 13, 2001, the arbitration panel issued an award in favor of Cornerstone, and modified the award on December 26, 2001.

Between the time of the original award and the modification, Hisaw filed a motion in the trial court requesting that it vacate the arbitration award and grant it summary judgment because Cornerstone lacked a justiciable interest in the contro-versy. On February 25, 2002, Cornerstone requested that the trial court confirm the arbitration award. On March 1, 2002, Chatham moved for leave to file its plea in intervention. Hisaw opposed both Chatham's intervention and confirmation of the arbitrators' award. Ultimately, however, the trial court rendered a final judgment granting Chatham leave to intervene and confirming the arbitrators' award plus post-judgment interest in favor of both Cornerstone and Chatham.

### Whether the Arbitrators Exceeded Their Powers in Determining That Cornerstone Had Standing

In its first issue, Hisaw argues that the trial court did not have jurisdiction to enter a final judgment as to the arbitration panel's award because Cornerstone had no justiciable interest and, therefore, no standing to bring the underlying breach of contract or the confirmation of arbitration award claims. Hisaw asks us to reverse the trial court's judgment and dismiss this appeal for want of jurisdiction or, in the alternative, to remand the case to the trial court with instructions to order a new arbitration—in other words, to vacate the arbitration panel's award.

We review de novo a trial court's confirmation of an arbitration award. *Thomas James Assocs., Inc. v. Owens*, 1 S.W.3d 315, 320 (Tex.App.-Dallas 1999, no pet.). In Texas, review of arbitration awards is extraordinarily narrow. *Cooper v. Bushong*, 10 S.W.3d 20, 24 (Tex.App.-Austin 1999, pet. denied). Accordingly, we must indulge every reasonable presumption in order to uphold the arbitration award. *Id.*

An arbitration award is conclusive on the parties as to all matters of fact and law because the award has the effect of a judgment of a court of last resort.

*Anzilotti v. Gene D. Liggin, Inc.,* 899 S.W.2d 264, 266 (Tex.App.-Houston [14th Dist.] 1995, no writ); *Bailey & Williams v. Westfall,* 727 S.W.2d 86, 90 (Tex.App.-Dallas 1987, writ ref'd n.r.e.). For an appellate court to have jurisdiction to review an arbitration award, an appellant must allege a statutory or common law ground to vacate the award. *Anzilotti,* 899 S.W.2d at 266. The statutory grounds for vacating an award are the following:

(1) The award was procured by corruption, fraud or other undue means;

(2) There was evident partiality ... misconduct or willful misbehavior of any of the arbitrators prejudicing the rights of any party;

(3) *The arbitrators exceeded their powers;*

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing contrary to the provisions of Article 228, as to prejudice substantially the rights of a party; or

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under Article 225 and the party did not participate in the arbitration hearing without raising the objection.

TEX.REV.CIV. STAT. ANN. art. 237 § A (Vernon 1973) (emphasis added). Although Hisaw does not expressly complain that the arbitrators "exceeded their powers" in determining that Cornerstone had a justiciable interest, the underlying basis for its argument that the trial court had no jurisdiction is the contention that the arbitration panel exceeded its powers when it implicitly determined that Cornerstone had such an interest. We interpret Hisaw's real complaint to be that the arbitra-

tion panel exceeded its powers in determining that Cornerstone had standing.

The Texas Supreme Court has stated that "the authority of arbitrators is derived from the arbitration agreement and is limited to a decision of the matters submitted therein either expressly or by necessary implication." *Gulf Oil Corp. v. Guidry,* 160 Tex. 139, 327 S.W.2d 406, 408 (1959). The construction contract between Hisaw and Cornerstone included the following arbitration clause:

**4.5.1 Controversies and Claims Subject to Arbitration.** *Any controversy or Claim* arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof. [Emphasis added.]

As stated above, Hisaw asserts that because Cornerstone assigned to Chatham all of its rights to bring a claim, any disputes concerning the contract were actually between Chatham and Hisaw, not Cornerstone and Hisaw. The assignment states, in part:

Cornerstone ... does hereby unconditionally and irrevocably assign, transfer and convey unto Chatham ... its successors and assigns, all of the right, title and interest of [Cornerstone] in and to any and all funds, amounts and monies earned and to be earned, now due or to become due ... together with all claims and rights of action accrued or which may accrue on said construction projects.

The arbitration clause is broad, covering "[a]ny controversy or Claim" arising out of or related to the contract, or the breach thereof, and authorized the arbitrators to conclude the dispute between Hisaw and

Cornerstone which arose out of, or related to, the contract documents and the alleged breach thereof.

Our sister court of appeals' decision in *Island on Lake Travis, Ltd. v. Hayman Co. General Contractors, Inc.*, 834 S.W.2d 529 (Tex.App.-Austin 1992, writ granted, judgm't vacated w.r.m.), is instructive. In *Hayman,* as here, the appellee assigned its rights in a construction contract to a third party. The contract included a similarly broad arbitration clause. When a dispute arose and the appellee initiated arbitration proceedings against the appellant, the appellant expressly submitted the assignment/ownership of claims issue to the arbitrators, complaining that the assignee, not the appellee, was the real party in interest, and therefore the appellee had no standing to bring claims under the contract. The Austin Court of Appeals rejected that argument and held that under a broad arbitration clause, "a dispute between the parties to the contract concerning the ownership of a claim arising from the contract is just as arbitrable as a dispute concerning the merits of the claim itself." *See id.*, at 532. We find the Austin court's logic persuasive.

Here, the parties do not dispute that they agreed to arbitrate. We hold that the arbitration clause gave the arbitration panel the power to make the determination as to whether Cornerstone, as opposed to Chatham, was the properly named party, and that the trial court correctly confirmed the arbitration panel's award.

### Whether the Trial Court Abused its Discretion in Permitting Chatham to Intervene

■ In its second issue, Hisaw contends that the trial court erred in allowing Chatham to intervene in the lawsuit after the arbitration. Hisaw argues that the De-

cember 26, 2001 arbitration award was a final judgment on the merits and, therefore, the trial court erred in overruling Hisaw's motion to strike because it had no authority to allow Chatham to intervene. The arbitration clause reads as follows:

**4.5.7 Judgment on Final Award.** The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

■ We review a trial court's order on a motion to strike under an abuse of discretion standard. *Guar. Fed. Savs. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex.1990) (op. on reh'g). An intervenor in state court is not required to secure the court's permission to intervene, and the party opposing intervention has the burden to challenge it by a motion to strike. *Id.* To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *See Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer*, 701 S.W.2d at 241–42.

■ An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978); *see also Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex.1997). Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's

decision. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex.App.-Houston [1st Dist.] 1993, writ denied).

 A party has the right to intervene if it could have brought the same action, or any part thereof, on its own. *See* TEX.R. CIV. P. 60. An intervention is proper at any time before a final judgment on the merits issues. *See Citizens State Bank v. Caney Invs.*, 746 S.W.2d 477, 478 (Tex.1988); *Litoff v. Jackson*, 742 S.W.2d 788, 789 (Tex.App.-San Antonio 1987, no writ) (allowing intervention after trial was completed). Hisaw contends that the final decision on the merits in this case came on December 26, 2001, the day the arbitrators issued their modified award. For an order or judgment to be final it must dispose of every pending claim and party or clearly and unequivocally state that it finally disposes of all claims and all parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex.2001). We do not agree with Hisaw's contention that the December 26, 2001 arbitration award constituted a "final judgment." The December 26 award preceded the trial court's confirmation order and therefore did not finally dispose of all claims and all parties. *Compare Buffalo Royalty Corp. v. Enron Corp.*, 906 S.W.2d 275, 277 (Tex.App.-Amarillo 1995, no writ) (holding that the arbitration award did not dispose of all issues and parties). Instead, it was the trial court's May 23, 2002 final judgment confirming the arbitration panel's award that disposed of all parties and issues. Chatham intervened two and one-half months before that date. We conclude the trial court acted within its discretion in permitting Chatham to intervene prior to the entry of final judgment. We overrule issue two.

We affirm the trial court's judgment.