Grand Homes v. Loudermilk

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-00030-CV

GRAND HOMES 96, L.P. APPELLANTS

AND GRAND HOMES, INC.

V.

DAVID LOUDERMILK AND APPELLEES

DEBRA LOUDERMILK

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

I.  Introduction

This is an appeal from the confirmation of an arbitration award.  The primary issue we address is whether the trial court abused its discretion by compelling binding arbitration between all of the parties over the objection of two of the defendants—now Appellants—Grand Homes 96, L.P. and Grand Homes, Inc.  Appellants claim that they did not receive notice that arbitration could be compelled concerning the claims of Appellees David and Debra Loudermilk against them and that this lack of notice prevented them from raising the defense of waiver.  Because Appellants either were not deprived of the opportunity to present their waiver defense to the arbitrator or as a matter of law cannot establish the Loudermilks’ waiver of arbitration, we hold that the trial court did not err by compelling arbitration over Appellants’ objection.  Because there is no record from the arbitration proceedings, Appellants’ other challenges to the arbitration award fail.  Consequently, we will affirm.

II.  Factual and Procedural Background

The Loudermilks purchased a house from Appellants.  In connection with the purchase, the Loudermilks signed the purchase agreement submitted to them by Appellants.
(footnote: 1) The agreement contained an arbitration clause.
(footnote: 2)  Appellants accepted the agreement, and, subsequently, the Loudermilks and Appellants, along with Home Owners Management Enterprises, Inc. d/b/a Home of Texas (HOME) and Warranty Underwriters Insurance Company (WUIC), all executed a limited warranty agreement.  The warranty agreement also contained an arbitration clause.
(footnote: 3) 

About a year after purchasing the home, the Loudermilks sent a letter to Appellants identifying several items that needed repair, including cracks in the grout in the kitchen and around the fireplace, cracks in most rooms of the house, a severe crack at the window in the master bedroom, and cracked bricks on the exterior of the home.
(footnote: 4)  When Appellants allegedly failed to make the requested repairs, the Loudermilks filed suit on August 29, 2003 in district court in Denton County, alleging negligence in the design and construction of their home’s foundation. 

Approximately three months after filing their original petition, the Loudermilks filed an amended petition asserting additional causes of action for malice, breach of contract and warranty, violations of the DTPA, and fraud against Appellants and adding HOME and WUIC as defendants, alleging a cause of action for negligence against them.
(footnote: 5)  The Loudermilks’ amended pleading also sought punitive damages, mental anguish damages, attorney’s fees, rescission of the contract for sale of the property, and prejudgment and postjudgment interest. 

HOME and WUIC incorporated a plea in abatement into their original answer, notifying the trial court that ”HOME and WUIC are entitled to abate this matter for binding arbitration.”  The basis for arbitration asserted by  HOME and WUIC was that “[i]n accordance with Plaintiff’s contract, all disputes relating to the home or warranty must be submitted to binding arbitration.”  Approximately six months after filing their original petition, the Loudermilks again filed an amended pleading, this time alleging only causes of action for breach of warranty and fraud against Appellants and alleging only negligence and violations of the DTPA and the insurance code against HOME and WUIC.  

HOME and WUIC filed their motion to compel arbitration on April 26, 2004.  At the hearing on the motion to compel, HOME and WUIC’s attorney requested that the trial court refer the Loudermilks’ claims against HOME and WUIC to binding arbitration and then abate these same claims until the Loudermilks’ claims against Appellants were resolved.  The Loudermilks’ attorney, however, pointed out that Appellants were parties to the warranty agreement and argued that if the trial court compelled arbitration of the Loudermilks’ claims against HOME and WUIC, it should also compel arbitration of the Loudermilks’ claims against Appellants.  The trial court then, over Appellants’ objection, ordered all parties—HOME, WUIC, the Loudermilks, and Appellants—to arbitration. 

Following the hearing on the motion to compel arbitration, the Loudermilks filed a motion requesting that the trial court appoint an arbitrator because the parties were unable to agree on an arbitrator.  The trial court entered an order abating the case for arbitration and chose Greg Cokinos of Houston as the arbitrator.  The Loudermilks, dissatisfied with the trial court’s choice, filed a motion to set aside its order appointing Mr. Cokinos as arbitrator and asked the trial court to reconsider. 

Before the trial court had an opportunity to rule on the Loudermilks’ motion, Appellants filed a petition for writ of mandamus with this court, requesting a writ of mandamus directing the trial court to vacate its order compelling Appellants to binding arbitration.  We issued an opinion denying Appellants’ petition for writ of mandamus.  
In re Grand Homes 96, L.P.
, No. 02-04-00238-CV, 2004 WL 1909315, at *1 (Tex. App.—Fort Worth Aug. 26, 2004, orig. proceeding) (mem. op.).
(footnote: 6) 

Subsequently, the trial court granted the Loudermilks’ motion to set aside its order appointing an arbitrator and appointed a new arbitrator, Dana McArthur.  The parties went to arbitration, and the arbitrator issued a final arbitration award.  The arbitrator rescinded the sale of the home and ordered Appellants to purchase the Loudermilks’ home for $292,000, plus closing costs.  The arbitrator also ordered Appellants to pay the Loudermilks’ attorney’s fees, expert fees, litigation fees, and post-award interest.  The award stated that “[t]he Loudermilks shall recover no damages from HOME/WUIC.” 

The Loudermilks filed a motion to confirm the arbitrator’s award, and Appellants filed objections to the confirmation of the arbitrator’s award, along with motions to vacate and to modify the award.  The trial court held a hearing and confirmed the arbitrator’s award.  At Appellants’ request, the trial court entered findings of fact and conclusions of law.  This appeal followed.

III.  Trial Court Properly Compelled Arbitration

 The crux of the complaints made by Appellants in their first, second, and fourth issues is that they were surprised when, at the hearing on HOME and WUIC’s motion to compel arbitration, the Loudermilks urged arbitration and that they were harmed because they did not have an opportunity to prepare and present defenses to arbitration.  Specifically, Appellants contend that the trial court erred by compelling binding arbitration of the Loudermilks’ claims against them because in the absence of a motion to compel arbitration filed by the Loudermilks, the trial court lacked jurisdiction; because the Loudermilks never demonstrated that their claims were within the warranty’s scope or that they satisfied the warranty’s conditions precedent to arbitration; and because the Loudermilks’ failure to file a motion to compel or to provide notice of their intent to arbitrate their claims against Appellants deprived Appellants of their right to present defenses to arbitration and to object to the court’s appointment of an arbitrator.  We address these contentions in turn.

A. Trial Court Jurisdiction

It is clear that the trial court here had jurisdiction over the lawsuit.  
See
 
Tex. Const.
 art. V, § 8 (stating that “[d]istrict court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body”).  When two defendants in the lawsuit, HOME and WUIC, filed a motion to compel arbitration based on the arbitration provision set forth in the written warranty agreement, which Appellants also had signed, the trial court had a nondiscretionary duty to rule upon the arbitration issue, including which parties would be compelled to arbitration.  
See, e.g., In re Weekley Homes, L.P., 
180 S.W.3d 127, 135 (Tex. 2005) (orig. proceeding) (holding trial court must decide whether to compel arbitration of personal injury claim of party who was not signatory to arbitration agreement).  And the trial court retains jurisdiction even pending the outcome of arbitration.  
Brooks v. Pep Boys Auto. Superctrs.
, 104 S.W.3d 656, 660 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (recognizing the trial court possesses continuing jurisdiction pending arbitration, rather than requiring the filing of an additional lawsuit concerning pending arbitration or postarbitration matters).

In short, we are not aware of any authority, nor have Appellants cited any authority, for the proposition that the trial court somehow lacks jurisdiction to compel a party in a pending lawsuit to arbitration when that party has executed multiple arbitration agreements or possesses jurisdiction to compel to arbitration only claims that are specifically mentioned in a motion.  
Accord 
Tex. Civ. Prac. & Rem. Code Ann.
 § 171.021(a) (Vernon 2005) (requiring only that motion to compel arbitration be filed by “a party”).

B. Claims Within Arbitration Agreements

Procedurally, a party seeking to compel arbitration has the initial burden to establish the arbitration agreement’s existence and to show that the to-be-arbitrated claims fall within the arbitration agreement’s scope.  
In re Oakwood Mobile Homes, Inc., 
987 S.W.2d 571, 573 (Tex. 1999) (orig. proceeding), 
abrogated in part on other grounds by In re Halliburton Co.
, 80 S.W.3d 566 (Tex. 2002) (orig. proceeding); 
Interconex, Inc. v. Ugarov
, No. 01-05-00524-CV, 2006 WL 2506562, at *8 (Tex. App.—Houston [1st Dist.] Aug. 31, 2006, no pet. h.).  Here, two arbitration agreements exist between Appellants and the Loudermilks—the arbitration agreement in the warranty and the even broader arbitration agreement in the sales contract.  Thus, we must determine whether the Loudermilks’ claims are within the scope of those agreements.

We will not find error by the trial court and are required to uphold the trial court’s ruling if it is proper on any grounds.  
See Owens-Corning Fiberglas Corp. v. Malone
, 972 S.W.2d 35, 43 (Tex. 1998) (requiring us to uphold trial court’s evidentiary ruling if it is proper on any grounds); 
Harwell v. State Farm Mut. Auto. Ins. Co.
, 896 S.W.2d 170, 173 (Tex. 1995) (holding summary judgment must be upheld if it is proper on any grounds); 
Smith v. Duncan Land & Exploration, Inc.
, No. 02-05-00334-CV, 2006 WL 2034031, at *4 (Tex. App.—Fort Worth July 20, 2006, no pet.) (mem. op.) (stating that appellate court should overturn trial court’s conclusion only if it is based on erroneous view of law or a clearly erroneous assessment of the evidence).  Accordingly, in determining whether the trial court erred by determining that the Loudermilks’ claims against Appellants were within the scope of the arbitration agreements, we review both of the arbitration agreements between Appellants and the Loudermilks.
(footnote: 7)
 The warranty agreement arbitration clause provides that “[a]ll requests for warranty performance, demand, disputes, controversies and difference[s] that may arise between the parties to this Limited Warranty that cannot be resolved among the parties” shall be referred to arbitration.  The arbitration provision in the sales contract provides that the parties “agree to submit to binding arbitration . . . any dispute between Seller [Appellants] and Purchaser [the Loudermilks].”  Clearly, the Loudermilks’ claims against Appellants for breach of warranty and fraud fall within the scope of both of these arbitration agreements executed by Appellants and the Loudermilks.

Because the trial court’s order compelling arbitration may be upheld under either of the arbitration provisions signed by Appellants and the Loudermilks, Appellants’ complaints that the Loudermilks failed to establish that they had met the conditions precedent to arbitration under the warranty agreement are moot.  And, in any event, procedural questions—including whether procedures have been followed or excused and whether an unexcused failure to follow such procedures allows a party to avoid the duty to arbitrate—are left for the arbitrator to decide.  
In re Weekley Homes
, 985 S.W.2d 111, 114 (Tex. 1998) (orig. proceeding).

C. Defense of Waiver

Having determined that valid arbitration agreements exist between the parties and that the claims asserted by the Loudermilks against Appellants fall within the scope of both arbitration agreements, we next address Appellants’ complaint that they were deprived of the opportunity to raise defenses to arbitration.  Appellants claim that, because they had no notice that arbitration of the Loudermilks’ claims against them would be addressed at the hearing on HOME and WUIC’s motion to compel, they were prevented from raising their defenses to arbitration.  When pressed at oral argument concerning what specific defenses to arbitration Appellants would have liked to raise but were not prepared to raise at the hearing because of the lack of notice, Appellants indicated that they had wanted to raise the defense of waiver.
(footnote: 8)  The exact procedure for resolving whether the party seeking to compel arbitration has waived arbitration is somewhat unsettled.

Traditionally, Texas courts framed the issue of whether a party had waived its right to compel arbitration as a question of law to be reviewed by the appellate court de novo. 
 Oakwood Mobile Homes, Inc.
, 987 S.W.2d at 574; 
In re Bruce Terminix Co.
, 988 S.W.2d 702, 704-05 (Tex. 1998) (orig. proceeding).  But in 2002, the United States Supreme Court clearly stated that “the presumption is that the arbitrator should decide allegation[s] of waiver, delay, or a like defense to arbitrability.”  
Howsam v. Dean Witter Reynolds, Inc
., 537 U.S. 79, 154, 123 S. Ct. 588, 592 (2002).  Several Texas courts have since followed 
Howsam
 and have held that matters of waiver and delay in requesting arbitration should be presented to the arbitrator for resolution.  
E.g., In re Global Constr. Co.
, 166 S.W.3d 795, 799 (Tex. App.—Houston [14th
 Dist.] 2005, orig. proceeding).

But here, we need not decide this issue because under either circumstance, Appellants’ unpreparedness to raise the defense of waiver at the hearing on HOME and WUIC’s motion to compel arbitration does not render the trial court’s decision to compel arbitration improper.  If, under 
Howsam
, waiver is a matter for the arbitrator to determine, then Appellants had the opportunity to raise their waiver defense before the arbitrator; no harm stemmed from Appellants’ lack of preparedness to raise it at the hearing on HOME and WUIC’s motion to compel.  If, despite 
Howsam
, waiver is still an issue of law that we decide de novo, then the record before us establishes that the Loudermilks did not waive their right to arbitrate.

Because public policy favors arbitration, there is a strong presumption against finding that a party has waived its right to arbitration; the burden to prove waiver is thus a heavy one.  
Bruce Terminix Co.
, 988 S.W.2d at 704-05; 
EZ Pawn Corp. v. Mancias
, 934 S.W.2d 87, 89 (Tex. 1996) (orig. proceeding); 
Southwind Group, Inc. v. Landwehr,
 188 S.W.3d 730, 735 (Tex. App.—Eastland 2006, orig. proceeding).  
Any doubts regarding waiver are resolved in favor of arbitration.  
Bruce Terminix Co.
, 988 S.W.2d at 705; 
Southwind Group, Inc.
, 188 S.W.3d at 735.  Waiver may be express or implied, but it must be intentional.  
EZ Pawn Corp.
, 934 S.W.2d at 89; 
Southwind Group, Inc.
, 188 S.W.3d at 735.  Whether waiver occurs depends on the individual facts and circumstances of each case.  
Southwind Group, Inc.
, 188 S.W.3d at 735; 
Williams Indus., Inc. v. Earth Dev. Sys. Corp.
, 110 S.W.3d 131, 135 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  A party does not waive arbitration merely by delay; instead, the party urging waiver must establish that any delay resulted in prejudice.  
Prudential Secs. Inc. v. Marshall
, 909 S.W.2d 896, 898 (Tex. 1995) (orig. proceeding); 
Southwind Group, Inc.
, 188 S.W.3d at 735.  Therefore, the test for determining waiver is two-pronged:  (1) did the party seeking arbitration substantially invoke the judicial process, and (2) did the opposing party prove that it suffered prejudice as a result. 
 Perry Homes v. Cull
, 173 S.W.3d 565, 569-70 (Tex. App.—Fort Worth 2005, pet. filed).

Courts will not find that a party has waived its right to enforce an arbitration clause by merely taking part in litigation unless it has substantially invoked the judicial process to its opponent’s detriment.
  Bruce Terminix Co.
, 988 S.W.2d at 704; 
Southwind Group, Inc.
, 188 S.W.3d at 736.  Substantially invoking the judicial process may occur when the party seeking arbitration actively has tried, but failed, to achieve a satisfactory result in litigation before turning to arbitration.  
Southwind Group, Inc.
, 188 S.W.3d at 736;
 Williams Indus., Inc.
, 110 S.W.3d at 135.  Examples include moving for summary judgment or seeking a final resolution of the dispute.  
Williams Indus., Inc.
, 110 S.W.3d at 135.

Here, the Loudermilks did not file a motion for summary judgment or seek but fail to achieve a satisfactory result from litigation in the trial court before turning to arbitration.  Instead, approximately eight months after the Loudermilks filed their original petition—when two of the defendants moved to compel arbitration—the Loudermilks requested that if the trial court decided to order arbitration, it compel arbitration of all claims against all defendants, including Appellants.  As a matter of law, when the trial court compelled arbitration, the Loudermilks had not substantially invoked the judicial process to Appellants’ detriment.  
See In re D. Wilson Constr. Co.
, 196  S.W.3d 774, 783 (Tex. 2006) (orig. proceeding) (stating that court held in a previous case that relators, who litigated in trial court for two years, did not substantially invoke judicial process to their opponent’s detriment because relators engaged in minimal discovery and real party in interest failed to demonstrate sufficient prejudice to overcome strong presumption against waiver).

Even if the Loudermilks’ actions could somehow, in light of the dearth of contrary case law, be construed as having substantially invoked the judicial process, Appellants cannot meet the heavy burden of showing that they were prejudiced by the Loudermilks’ actions.  The suit was less than eight months old, and very little discovery had occurred.  
See id.

Appellants urge us to hold that the Loudermilks waived their right to arbitrate when they filed suit.  Appellants rely upon what appears to be dictum in 
Vireo P.L.L.C. v. Cates
, 953 S.W.2d 489, 491 (Tex. App.—Austin 1997, pet. denied) (stating that after a plaintiff files suit, “[i]f the defendant does not insist upon arbitration, the contracting parties have mutually repudiated the arbitration covenant as a matter of law and waived any right thereunder”).  As demonstrated by this case, such a holding in a multi-defendant lawsuit could undermine the purposes promoted by arbitration by requiring both trial and arbitration of a plaintiff’s claims, depending on the choice of a particular defendant.  Because the 
Vireo
 court’s statement has not been adopted by any court, does not promote the policy reasons supporting arbitration, and because one of the three justices on the panel in 
Vireo
 dissented, we decline to adopt it.  Id.
 
at 496-97 (Jones, J., dissenting) (recognizing that the TGAA was enacted to abrogate the common-law “right of election” doctrine).

We therefore hold that the trial court did not err by compelling Appellants to arbitrate the Loudermilks’ claims against them.  We overrule Appellants’ first, second, and fourth issues.

IV.  Choice of Arbitrator

In their third issue, Appellants argue that they were deprived of the benefits of arbitration under the sales contract.  Specifically, Appellants contend that they had the right under the sales contract’s arbitration clause to select an arbitrator or to have one appointed by the American Arbitration Association. 

Although the motion to compel hearing occurred in April 2004, due to intervening events like the original proceedings that Appellants filed, the arbitration did not take place until August 2005.  During the interim, the Loudermilks filed a motion asking the trial court to appoint an arbitrator because the parties were unable to decide on one.  The Loudermilks subsequently filed another motion to set aside the trial court’s first choice of an arbitrator.  These motions were served on all parties, including Appellants.  During the sixteen months between the selection of the initial arbitrator and the actual arbitration, Appellants did not respond to the Loudermilks’ motions or file their own motion requesting that an AAA arbitrator be appointed.  When competing arbitration clauses exist in a case involving multiple defendants, complaints of the type now made by Appellants must be brought to the trial court’s attention.  
See
 
Tex. R. App. P.
 33.1.  Because Appellants did not raise this complaint in the trial court, but instead waited to raise it until after they had fully participated in an arbitration that resulted in an award adverse to them, we hold that this complaint is not properly before us.  We overrule Appellants’ third issue.

V.  Arbitrator’s Award

In their fifth, sixth, and seventh issues, Appellants contend that the arbitrator exceeded her authority by granting remedies outside the warranty’s scope, manifestly disregarding the law of limitations, and miscalculating the rescission damages.  The Loudermilks respond that because there is no record of the arbitration proceedings, this court must defer to the arbitrator. 

Generally, an arbitration award is given the same effect as a final judgment of a court of last resort. 
 Nuno v. Pulido
, 946 S.W.2d 448, 452 (Tex. App.—Corpus Christi 1997, no writ).  We review a trial court’s vacation, modification, or confirmation of an arbitration award de novo.  
Hisaw & Assocs. Gen. Contractors, Inc. v. Cornerstone Concrete Sys., Inc.
, 115 S.W.3d 16, 18 (Tex. App.—Fort Worth 2003, pet. denied).  In Texas, review of arbitration awards is extraordinarily narrow.  
Id.
  Accordingly, we must indulge every reasonable presumption in order to uphold the arbitration award.  
Id.
  A mere mistake of law or fact is insufficient to set aside an arbitration award.  
Nuno
, 946 S.W.2d at 452. Further, without a transcription of the arbitration proceedings, we must presume adequate reasoning and evidence to support the award.  
Jamison & Harris v. Nat’l Loan Investors
, 939 S.W.2d 735, 737 (Tex. App.—Houston [14th Dist.] 1997, writ denied).

For an appellate court to have jurisdiction to review an arbitration award, an appellant must allege a statutory or common law ground to vacate the award.  
Hisaw & Assocs., 
115 S.W.3d at 19; 
see
 9 U.S.C.A. §§ 10-11 (West 1999 & Supp. 2006) (allowing for vacating, modifying, or correcting arbitration award under certain circumstances); 
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 171.088, .091 (Vernon 2005) (same).  One of the statutory grounds for vacating an award is that the arbitrator exceeded his or her powers.  
Hisaw & Assocs., 
115 S.W.3d at 19
 (citing 
Tex. Rev. Civ. Stat. Ann.
 art. 237, § A (Vernon 1973)).  An arbitrator’s authority is derived from the arbitration agreement and is limited to a decision of the matters submitted therein, either expressly or by necessary implication.  
Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co.,
 164 S.W.3d 438, 443 (Tex. App.—Houston [14th Dist.]  2005, no pet.); 
City of Baytown v. C.L. Winter, Inc.
, 886 S.W.2d 515, 518-19 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

Although Appellants raise at least one of the statutory grounds for vacating an arbitration award, they have furnished no record of the arbitration proceedings to support their claim that the arbitrator exceeded her authority. The Loudermilks’ pleadings specifically pray for rescission of the sales contract and the other damages awarded, and the Loudermilks’ claims are clearly within the scope of both arbitration agreements.  For these reasons, we cannot agree that the arbitrator exceeded her authority.  
See Baker Hughes Oilfield Operations, Inc.
, 164 S.W.3d at 443. 

Appellants also argue that the arbitrator committed errors in substantive law by disregarding the law of limitations and by miscalculating the rescission damages.  These alleged errors in the application of substantive law by the arbitrator during the arbitration proceedings are not reviewable by the court on a motion to vacate an award.  
Jamison & Harris, 
939 S.W.2d at 737.  A mistake of fact or law is insufficient to set aside an arbitration award.  
Id.
  Moreover, the lack of a record of the arbitration proceedings prevents review of these issues. 
 Id.

We therefore overrule Appellants’ fifth, sixth, and seventh issues.

VI.  Conclusion

Having overruled all seven of Appellants’ issues, we affirm the trial court’s judgment confirming the arbitrator’s award.

SUE WALKER

JUSTICE

PANEL A:  LIVINGSTON, WALKER and MCCOY, JJ.

DELIVERED:  November 9, 2006 

FOOTNOTES
1:
The “Agreement,” as it is titled, reveals a medallion-type insignia at the top with the words “Grand Homes” inside it.

2:
The arbitration provision in this agreement provides for application of the Texas Arbitration Act and states, in part,

The parties agree to submit to binding arbitration any controversy hereafter arising between them, whether relating to the construction of the residence or any appliance, equipment or fixtures installed therein, title, warranties, negotiations, statements or representations before, at, or after this Agreement is signed or
 
otherwise involving any dispute between Seller and Purchaser
.
 

3:
The arbitration agreement in the warranty provides for application of the Federal Arbitration Act and states, in part, “[A]ny Unresolved Warranty Issue that you have with the Warrantor shall be submitted [to arbitration].”  It also defines an Unresolved Warranty Issue as “[a]ll requests for warranty performance, demand, disputes, controversies and difference[s] that may arise between the parties to this Limited Warranty that cannot be resolved among the parties.”

4:
The warranty agreement provided that the home builder was the warrantor in years one and two of the warranty coverage and that the insurer was the warrantor in years three through ten of the warranty coverage and in years one and two if the builder defaulted. 

5:
The Loudermilks also added Ready Cable, Inc. and Jerry L. Coffee, P.E. as defendants and alleged causes of action for negligence and breach of warranties against them.  Because these two parties are not involved in this appeal, we will not detail the motions that they filed or how they were disposed of in the trial court.

6:
Appellants also filed a petition for writ of mandamus with the Texas Supreme Court, which was denied. 

7:
Although at the hearing on HOME and WUIC’s motion to compel arbitration the trial court apparently based its order compelling arbitration on the arbitration clause in the warranty, in the findings of fact that the trial court made after confirming the arbitrator’s award it specifically found that “[t]he Arbitrator had the authority to act pursuant to Section 18 of the Agreement between Plaintiffs and [Appellants],” which is the arbitration provision in the sales contract.  

8:
Appellants do not assert that there was fraud, deceit, or misrepresentation involved in their signing of the agreements.  Consequently, absent waiver, they are bound by the agreements.  
In re Palm Harbor Homes, Inc.,
 195 S.W.3d 672, 676 (Tex. 2006) (orig. proceeding).