COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-178-CV

 

 

WEE TOTS PEDIATRICS, P.A.                                                APPELLANT

 

                                                   V.

 

ADUNNI MOROHUNFOLA, M.D.                                                APPELLEE

 

                                              ------------

 

           FROM THE 236TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

                                                 AND

                                              ------------

 

                                        NO.
2-08-246-CV

 

IN
RE WEE TOTS PEDIATRICS, P.A.                                         
RELATOR

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

                                             OPINION

                                              ------------








                                          I.  INTRODUCTION

This case involves an arbitration dispute between
Wee Tots Pediatrics, P.A. and Adunni Morohunfula, M.D.  Wee Tots filed a motion to compel arbitration
of certain counterclaims and third-party claims and to abate the proceedings on
the counter-claims and third party claims pending arbitration.  The trial court denied Wee Tots=s
motion; the trial court=s denial order did not state a
reason for the denial, and the court did not make any findings or conclusions
in the order or in a separate document.

Wee Tots thereafter filed an interlocutory
appeal, cause no. 2-08-178-CV, and a mandamus proceeding, cause no.
2-08-246-CV, challenging the trial court=s denial
of its motion to compel arbitration.  We
consolidated these proceedings and requested a response from Dr. Morohunfula in
the mandamus proceeding.[1]








We conditionally grant Wee Tots=s
requested relief in the mandamus proceeding because we hold that the trial
court abused its discretion by denying Wee Tots=s motion
to compel arbitration under the Federal Arbitration Act (AFAA@).  We dismiss the appeal as moot.

                          II.  FACTUAL AND PROCEDURAL BACKGROUND

Dr. Morohunfola signed an AAssociate
Physician Employment Agreement@ (AAgreement@) with
Wee Tots that set forth various terms and conditions, among other things, of
her employment with Wee Tots.  The
agreement lasted for three yearsCfrom
September 1, 2003, to August 31, 2006.

Section 4.03 of the Agreement, ARestrictive
Covenant,@ provides that Dr. Morohunfola
agrees to the covenant not to compete set forth in Schedule D.  The covenant in Schedule D provides in part
the following:

[Dr. Morohunfola] agrees
that during [her] employment with [Wee Tots] and for a period of twelve (12) months
after the date [of] cessation of [Wee Tots=s] employment for any reason, [Dr. Morohunfola]
will not engage in or become associated with, directly or indirectly, a
pediatric group practice, physician-hospital organization, managed care entity,
or other health care provider . . . . 

 

The covenant not to compete contains a geographic limitation limiting
the covenant to a twenty-five mile radius of the site where Dr. Morohunfola
practiced.








Section 4.05 of the Agreement, AConfidentiality
of Information,@ is a covenant apparently
intended to protect Wee Tots=s
confidential and proprietary information and trade secrets.  The provision states that Dr. Morohunfola Aagrees
not to disclose such Confidential Information to others at any time, except as
expressly required by [Wee Tots] or by law.@

Section 3.01, ACompensation,@
provides that Wee Tots shall pay Dr. Morohunfola compensation set forth in
Schedule A.  In addition to base compensation,
Schedule A provides that Dr. Morohunfola is Aentitled
to annual incentive compensation based upon the collections actually
received by [Wee Tots] for services rendered personally by [Dr. Morohunfola].@  [Emphasis added.]

Section 7.08, AArbitration,@
provides in part as follows:

All controversies which may
arise between the parties, including but not limited to any
dispute arising over the terms and conditions of this Agreement or in
any manner relating to this Agreement, or any other agreement between the
parties, whether entered into prior to or subsequent to the date hereof, which
the parties are unable to resolve informally between themselves or by
mediation, shall be submitted upon the written demand of either party to
arbitration under the Employment Arbitration Rules of the American Arbitration
Association (AAAA@) in
effect at the time of the arbitration demand.

The parties expressly agree that
this arbitration clause shall not apply [to] a dispute over any
right of the Association to seek an injunction or other relief in Court as
referred to in Sections 4.03, 4.05 and Schedule D attached hereto. [the
covenant not to compete and confidentiality agreement]








Physician acknowledges that the
duties of Physician=s
employment with the Association affect interstate commerce in that
Physician will be, among other things, dispensing medications, devices and
other material manufactured out of state to patients in Texas, some of whom may
travel from other states before being treated. . . .

All arbitration proceedings
shall be administered by the AAA and be held in the AAA=s
Dallas, Texas office. . . . [Emphasis added.]

Wee Tots=s first
amended petition alleges that Dr. Morohunfola worked for Wee Tots at its
Arlington location until the Agreement expired and that it subsequently became
aware that she joined Tots and Tykes Pediatrics, P.A., another pediatric
practice in Tarrant County.  Wee Tots
alleged that on November 26, 2006, and December 3, 2006, an advertisement was
published in the Arlington edition of the Fort Worth Star-Telegram for Tots and
Tykes Pediatrics, P.A. that included Dr. Morohunfola=s
name.  It further alleged that Dr.
Morohunfola Ais engaging in a pediatric
practice within the geographic limitation set forth in Schedule D to the
Employment Agreement, and is, in fact, actively soliciting [Wee Tots=s]
patients in the Arlington area in direct violation of the Employment Agreement.@  Wee Tots alleged causes of action for breach
of the covenant not to compete, breach of the confidentiality covenant, tortious
interference with existing contractual and business relations, and civil
conspiracy.








Dr. Morohunfola=s second
amended counter-petition, filed on October 17, 2008, alleged causes of action
against Relator for breach of contract, breach of fiduciary relationship,
fraud, and fraud in the inducement.  All
of the claims implicate in part the Aincentive
compensation@ provision in Schedule A of the
Agreement.[2]

According to Wee Tots, the parties unsuccessfully
mediated their disputes on October 10, 2007. 
On October 19, 2007, Wee Tots filed its motion to compel arbitration of
Dr. Morohunfola=s counterclaims and to abate
proceedings of the counterclaims pending arbitration.  The trial court denied Wee Tots=s motion
on April 10, 2008.  Wee Tots filed its
notice of interlocutory appeal on April 30, 2008, and this original proceeding
on June 11, 2008.

                           III.  MANDAMUS PROCEEDING JURISDICTION








In Texas, a trial court=s denial
of arbitration under the FAA may be challenged only by mandamus and not by
interlocutory appeal.  In re D. Wilson
Constr. Co., 196 S.W.3d 774, 779 (Tex. 2006) (orig. proceeding).  If the arbitration agreement is governed by
the Texas General Arbitration Act (ATGAA@) rather
than the FAA, interlocutory appeal is the proper method for seeking relief from
an order denying a motion to compel arbitration.  Tex. Civ. Prac. & Rem. Code Ann. '
171.098(a)(1) (Vernon 2005).  But a party
may seek to enforce an arbitration agreement under both the FAA and TGAA if the
agreement does not say whether the FAA or TGAA applies.  D. Wilson Constr. Co., 196 S.W.3d at
778B79.








The FAA governs a contract evidencing a
transaction involving interstate commerce if the contract contains a written
arbitration provision.  In re Scott,
100 S.W.3d 575, 579 (Tex. App.CFort
Worth 2003, orig. proceeding).[3]  As defined by the FAA, Ainterstate
commerce@ is not
limited to the interstate shipment of goods, but includes all contracts Arelating
to@
interstate commerce.  In re FirstMerit
Bank, 52 S.W.3d 749, 754 (Tex. 2001) (orig. proceeding); Lost Creek Mun.
Util. Dist. v. Travis Indus. Painters, Inc., 827 S.W.2d 103, 105 (Tex. App.CAustin
1992, writ denied).  Further, the word Ainvolving@ in the
FAA is broad and the functional equivalent of Aaffecting,@
signaling Congress=s intent to exercise its
Commerce Clause power to the full.  Allied‑Bruce
Terminix Cos. v. Dobson, 513 U.S. 265, 272B74, 276B78, 115
S. Ct. 834, 839, 841 (1995); Palm Harbor Homes, Inc. v. McCoy, 944
S.W.2d 716, 719 (Tex. App.CFort
Worth 1997, orig. proceeding).

Here, the Agreement does not specifically state
that it is governed by the FAA, but Wee Tots directs us to Dr. Morohunfola=s
express acknowledgment in the arbitration portion of the Agreement that the
duties associated with her employment Aaffect
interstate commerce@ and that she will be, among
other things, Adispensing medications,
devices[,] and other material manufactured out of state to patients in Texas,
some of whom may travel from other states before being treated.@  As evidenced by her signature at the
conclusion of the Agreement, Dr. Morohunfola agreed to this provision, which is
a reference unambiguously implicating the FAA. 
Dr. Morohunfola does not challenge the application of the FAA to the
Agreement.  Accordingly, we hold that the
dispute between the parties involves arbitration under the FAA.  See FirstMerit Bank, 52 S.W.3d at 753.

                    IV.  WEE TOTS ENTITLED TO ARBITRATION UNDER FAA

In its first issue, Wee Tots argues that the
trial court abused its discretion by denying its motion to compel arbitration
because Dr. Morohunfola=s counterclaims fall within the
express scope of the Agreement=s
arbitration clause.








Federal and state law strongly favor
arbitration.  Moses H. Cone Mem=l Hosp.
v. Mercury Constr. Corp., 460 U.S. 1, 24B25, 103
S. Ct. 927, 941B42 (1983); Prudential Secs.,
Inc. v. Marshall, 909 S.W.2d 896, 898 (Tex. 1995) (orig. proceeding).  Section 2 of the FAA Aembodies
a clear federal policy of requiring arbitration unless the agreement to
arbitrate is not part of a contract evidencing interstate commerce or is
revocable >upon such grounds as exist at
law or in equity for the revocation of any contract.=@  Perry v. Thomas, 482 U.S. 483, 489,
107 S. Ct. 2520, 2525 (1987).  The FAA
establishes that, as a matter of federal law, any doubts concerning the scope
of arbitrable issues should be resolved in favor of arbitration, whether the problem
at hand is the construction of the contract language itself or a defense to
arbitrability.  Moses H. Cone Mem=l Hosp., 460
U.S. at 24B25, 103 S. Ct. at 941.








A party attempting to compel arbitration must
establish a valid arbitration agreement whose scope includes the claims
asserted.  In re Dillard Dep=t.
Stores, Inc., 186 S.W.3d 514, 515 (Tex. 2006) (orig.
proceeding).  Under the FAA, an agreement
to arbitrate is valid if it meets the requirements of the general contract law
of the applicable state.  In re
AdvancePCS Health L.P., 172 S.W.3d 603, 606 (Tex. 2005) (orig.
proceeding).  If the movant establishes
that an arbitration agreement is subject to the FAA and governs a dispute, the
burden shifts to the party opposing arbitration to prove her defenses to
arbitration.  Id. at 607.  If the party opposing arbitration fails to
prove her defenses, the trial court has no discretion but to compel arbitration
and to stay its own proceedings.  FirstMerit
Bank, 52 S.W.3d at 754.  When a trial
court erroneously denies a party=s motion
to compel arbitration under the FAA, the movant has no adequate remedy at law
and is entitled to a writ of mandamus.  Id.
at 753.

Here, the AgreementCwhich is
governed by the FAA and signed by Dr. MoronunfolaCcontains
an arbitration clause providing in relevant part as follows:

[a]ll controversies which
may arise between the parties, including but not limited to any dispute
arising over the terms and conditions of this Agreement or in any manner
relating to this Agreement, . . . which the parties are unable to
resolve informally between themselves or by mediation, shall be submitted
upon the written demand of either party to arbitration . . . .@ [Emphasis added.]

 








Dr. Morohunfola=s breach of contract, breach of
fiduciary relationship, fraud, and fraud in the inducement counterclaims fall
within the broad scope of the arbitration agreement requiring arbitration of Aall
controversies which may arise between the parties,@
including disputes arising Ain any
manner@
relating to the Agreement.  Nor do Dr.
Morohunfola=s counterclaims fall within the
exclusionary portion of the arbitration clause, which provides that the Aarbitration
clause shall not apply [to] a dispute over any right of the
Association to seek an injunction or other relief in Court as referred to in
Sections 4.03, 4.05 and Schedule D attached hereto,@ because
the counterclaims do not concern the covenant not to compete and
confidentiality portions of the Agreement. 
Accordingly, we hold that Wee Tots established a valid arbitration
agreement subject to the FAA and covering Dr. Moronhunfola=s
counterclaims.








Dr. Morohunfola argues that the trial court did
not err by denying Wee Tots=s motion
to compel arbitration because the claims that Wee Tots seeks to litigate are
the same as the claims that Wee Tots seeks to arbitrate.  Consequently, according to Dr. Morohunfola,
the exact same issues cannot be properly decided in two forums because this
might Arequire
two distinct forums to decide at least some of the exact issues separately.@  Wee Tots=s claims
for breach of the covenant not to compete and breach of the confidentiality
agreement are not the same claims as Dr. Morohunfola=s claims
for breach of contract for failing to pay her Aincentive
compensation,@ breach of fiduciary duty,
fraud, and fraud in the inducement.  They
are entirely different causes of action, and a cursory reading of the parties=
respective pleadings demonstrates that Dr. Morohunfola=s
counterclaims, which center largely around the issue of Wee Tots=s
alleged non-payment of Aincentive compensation,@ do not
implicate much, if any, of the same facts forming the basis of Wee Tots=s breach
of the covenant not to compete and breach of the confidentiality agreement
claims, which focus on Dr. Morohunfola=s
alleged conduct.








To the extent a situation might arise as
contemplated by Dr. Morohunfola in which Atwo distinct
forums [will be required] to decide at least some of the same issues
separately,@ we observe that Dr. Morohunfola
signed and agreed to the Agreement as written, including the arbitration
clause.  A[A]
person who signs a contract must be held to have known what words were used in
the contract and to have known their meaning, and he must be held to have known
and fully comprehended the legal effect of the contract.@  Tamez v. Sw. Motor Transp., Inc., 155
S.W.3d 564, 570 (Tex. App.CSan
Antonio 2004, no pet); see also Wade v. Austin, 524 S.W.2d 79, 86 (Tex.
Civ. App.CTexarkana 1975, no writ) (AIt has
accordingly been said that, almost without limitation, what the parties agree
upon is valid, the parties are bound by the agreement they have made, and the
fact that a bargain is a hard one does not entitle a party to be relieved
therefrom if he assumed it fairly and voluntarily.@).  Dr. Morohunfola is consequently bound by the
terms of the arbitration clause that she agreed to, including the express terms
excluding from arbitration any claims involving the covenant not to compete and
the confidentiality agreement, and she may not now attempt to disavow this
portion of the agreement because her claims, but not Wee Tots=s
excluded claims, are subject to arbitration, because she is not happy with her
bargain, or because of the possibility of issues overlapping to some extent in
different Aforums.@  Cf., Dean Witter Reynolds, Inc. v.
Byrd, 470 U.S. 213, 217 105 S. Ct. 1238, 1241 (1985) (AWe agree
. . . that the Arbitration Act requires district courts to compel arbitration
of pendent arbitrable claims when one of the parties files a motion to compel,
even where the result would be the possibly inefficient maintenance of separate
proceedings in different forums.@).[4]

Relying on the factors set forth in Perry
Homes v. Cull, Dr. Morohunfola additionally argues that the trial court did
not err by denying Wee Tots=s motion
to compel arbitration because, according to the totality of the circumstances
of the case, Wee Tots waived its right to arbitration.  258 S.W.3d 580, 591B92 (Tex.
2008).








The test for determining waiver of arbitration is
two pronged: (1) did the party seeking arbitration substantially invoke the
judicial process, and (2) did the opposing party prove that it suffered
prejudice as a result.  Nw. Constr.
Co., Inc., v. Oak Partners, L.P., 248 S.W.3d 837, 848 (Tex. App.CFort
Worth 2008, pet. denied).  Waiver should
be decided on a case-by-case basis, and the court should look to the totality
of the circumstances.  Perry Homes,
258 S.W.3d at 591.  Factors significant
to the issue of waiver include when the movant knew of the arbitration clause,
how much discovery has been conducted, who initiated the discovery, whether it
related to the merits rather than arbitrability or standing, how much of it
would be useful in arbitration, and whether the movant sought judgment on the
merits.  Id. at 591.








In this case, Wee Tots served nineteen
interrogatories, sixteen requests for admissions, and thirty-nine requests for
production before seeking arbitration, but the discovery does not focus solely
on the non-arbitrable claims.  Wee Tots
also filed a partial motion for summary judgment, but it sought judgment only
on its claim for breach of the covenant not to compete, not on its arbitrable
claims.  Dr. Morohunfola acknowledges
that a large portion of the discovery would be useful in arbitration.  And Wee Tots claims that it sought to compel
arbitration only after mediation failed. 
We resolve any doubts that we have regarding waiver in favor of
arbitration.  See Oak Partners,
248 S.W.3d at 847.  Considering the above
in addition to the totality of the circumstances, we disagree that Wee Tots
waived its right to compel arbitration because it has not substantially invoked
the judicial process with regard to its claims that fall outside of the
arbitration exemption clause of the Agreement (tortious interference with
existing contractual and business relations and civil conspiracy).

In light of the above, we hold that the trial
court had no discretion but to compel arbitration of Dr. Morohunfola=s
counterclaims and the third-party claims. 
See FirstMerit Bank, 52 S.W.3d at 754.  Accordingly, we sustain Wee Tots=s first
issue.

                                           V.  ABATEMENT

In its second issue, Wee Tots argues that the
trial court abused its discretion by denying Wee Tot=s motion
to abate the arbitrable claims and stay the same claims in the trial court
pending arbitration.

9 U.S.C.A. ' 3
provides as follows:

If any suit or proceeding
be brought in any of the courts of the United States upon any issue referable
to arbitration under an agreement in writing for such arbitration, the court in
which such suit is pending, upon being satisfied that the issue involved in
such suit or proceeding is referable to arbitration under such an agreement,
shall on application of one of the parties stay the trial of the action until
such arbitration has been had in accordance with the terms of the agreement,
providing the applicant for the stay is not in default in proceeding with such
arbitration.

 

9 U.S.C.A. ' 3.  Both the federal and Texas arbitration acts
require courts to stay litigation of issues that are subject to
arbitration.  In re Merrill Lynch
Trust Co. FSB, 235 S.W.3d 185, 195 (Tex. 2007) (orig. proceeding).








Here, having determined that the trial court
abused its discretion by denying Wee Tots=s motion
to compel arbitration, the trial court also abused its discretion by denying
the portion of Wee Tots=s motion seeking to abate the
arbitrable claims.  We therefore sustain
Wee Tots=s second
issue.

                                          VI.  CONCLUSION

A party denied the right to arbitrate under the
FAA has no adequate remedy by appeal and is entitled to mandamus relief.  AdvancePCS Health, L.P., 172 S.W.3d at
608.  We conclude that the trial court
clearly abused its discretion by denying Wee Tots=s motion
to compel arbitration of counterclaims and third-party claims and to abate the
proceedings on the counter-claims and third party claims pending
arbitration.  We conditionally grant
mandamus relief.  We have confidence that
the trial court will vacate its prior order and will grant Wee Tots=s motion
to compel arbitration of counterclaims and third-party claims and to abate the
proceedings on the counter-claims and third party claims pending
arbitration.  The writ of mandamus will
issue only if the trial court fails to do so. 
Wee Tots=s interlocutory appeal is
dismissed as moot.  See Tex. R. App.
P. 43.2(f); D. Wilson Constr. Co., 196 S.W.3d at 784.

 

DIXON
W. HOLMAN

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT,
and HOLMAN, JJ.

DELIVERED:  September 18, 2008











[1]See In re Valero Energy
Corp.,
968 S.W.2d 916, 916B17 (Tex. 1998) (orig.
proceeding) (AWe note for future cases
that the better course of action for a court of appeals confronted with an
interlocutory appeal and a mandamus proceeding seeking to compel arbitration
would be to consolidate the two proceedings and render a decision disposing of
both simultaneously, thereby conserving judicial resources and the resources of
the parties.@).





[2]The counterpetition also
lists three third-party defendants.





[3]The FAA provides:

 

A written provision in .
. . a contract evidencing a transaction involving [interstate] commerce to
settle by arbitration a controversy thereafter arising out of such contract . .
. or an agreement in writing to submit to arbitration any existing controversy
arising out of such a contract . . . shall be valid, irrevocable, and
enforceable, save upon such grounds as exist at law or in equity for the
revocation of any contract.

 

9 U.S.C.A. ' 2 (West 1999).





[4]Dr. Morohunfola=s reliance on Vireo,
P.L.L.C. v. Cates, 953 S.W.2d 489, 494 (Tex. App.CAustin 1997, pet.
denied), is also unpersuasive because this court has previously declined to
follow that case.  See Grand Homes 96,
L.P. v. Loudermilk, 208 S.W.3d 696, 704 (Tex. App.CFort Worth 2006, pet.
denied) (criticizing Vireo majority for its failure to recognize that
the TGAA was enacted to abrogate the common law Aright of election@ doctrine with regard to
waiver).