Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## OPINION

No. 04-11-00389-CV

**CITY OF LAREDO**,
Appellant

v.

Homero **MOJICA** and International Association of Firefighters Local 1390,
Appellees

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2010-CVQ-000755-D2
Honorable Monica Z. Notzon, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:  January 18, 2012

AFFIRMED

Both appellant City of Laredo ("the City") and appellees Homero Mojica and International Association of Firefighters Local 1390 (collectively "Mojica") filed competing motions for summary judgment following an arbitration award.  The trial court granted Mojica's motion for summary judgment, affirming the arbitration award which was based on the Collective Bargaining Agreement ("CBA") between the parties.  On appeal, the City contends the trial court erred by granting Mojica's motion for summary judgment because (1) the only

issue before the arbitrator was whether the City violated the CBA when it did not buy back sick leave, and (2) the arbitrator exceeded his authority when he considered an issue not submitted for his determination. We affirm.

## BACKGROUND

In its 2009-2010 budget, the City did not allocate funds for the purchase of all City employees' accumulated sick leave. Up until that year, the City had regularly bought back unused sick leave from the firefighters. Mojica complains of the City's failure to buy back the firefighters' unused sick leave.

In the CBA, all disputes between the City and the firefighters "involving the interpretation, application, or alleged violation of a specific provision of this Collective Bargaining Agreement shall be subject to this grievance procedure." If the grievance cannot be resolved, then ultimately, it is to be submitted for final and binding arbitration.

The dispute between the City and Mojica regarding the City's failure to buy back unused sick leave was submitted to arbitration. At arbitration, Mojica alleged the City violated the CBA by suspending the sick leave buy-back program. The City claimed the CBA provision regarding the buy-back program was discretionary, and because it was discretionary, the City did not allocate the funds because the cost of purchasing unused sick leave from all City employees would have been financially burdensome during a time of significant financial challenge. The arbitrator found the CBA essentially gave the City an option to buy back the firefighters' sick leave. Even though the City had an option, the arbitrator also found:

> . . . the City's unvarying practice of exercising its annual option to purchase accumulated sick leave for more than 10 years reasonably has led the Union and its members to expect the City to continue to exercise the annual option absent a good faith reason to suspend the program.

The arbitrator did not approve of the City's justification for suspending sick leave buy back, and concluded the City did not act in good faith. The arbitrator stated the City Manager should have broken out the cost of maintaining the buy-back program solely for the firefighters and not all City employees if it wanted to show good faith based on financial concerns. The arbitrator then directed the City to purchase the unused sick leave from firefighters who elected to sell their sick leave.

Both the City and Mojica filed motions for summary judgments in the trial court. The City claimed the arbitration award was void to the extent the City was ordered to buy back sick leave because it was based on criteria outside the scope of the arbitrator's authority. Mojica's motion asked the trial court to affirm the arbitration award. The trial court affirmed the arbitrator's award, declared it was binding and enforceable on the City, and permanently enjoined the City from refusing to implement the decision.

The City appeals the trial court's judgment, contending (1) the only issue before the arbitrator was whether the City violated the CBA when it decided not to buy back sick leave, and (2) the arbitrator exceeded his authority when he considered issues not submitted for his determination, namely whether the firefighters' expectation that the City would buy back their sick leave was subject to a "good faith" standard.

## ANALYSIS

### *Standard of Review*

"When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both sides' summary judgment evidence and determine all questions presented." *FM Properties Operating Co. v. City of Austin*, 22 S.W.3d

868, 872 (Tex. 2000). Unless the grounds for summary judgment are specified, a summary judgment order must be affirmed if any of the summary judgment grounds are meritorious. *Id.*

As for the standard for reviewing the arbitration award, the City contends section 174.253 of the Fire and Police Employee Relations Act ("FPERA") allows a reviewing court to set aside an arbitration award when: "(1) the arbitration board was without jurisdiction; (2) the arbitration board exceeded its jurisdiction; (3) the order was not supported by competent, material, and substantial evidence on the whole record; or (4) the order was obtained by fraud, collusion, or similar unlawful means." TEX. LOC. GOV'T CODE ANN. § 174.253(a) (West 2008).

Mojica argues this is not the correct standard of review because section 174.253 does not apply to "contract arbitration cases arising under fully negotiated agreements." We agree. FPERA applies only to arbitration for collective bargaining impasses. *Id.* § 174.156 ("The issues to be arbitrated are all matters the parties are unable to resolve through collective bargaining and mediation procedures required by this chapter."). As Mojica points out, the CBA in question is already a successfully negotiated agreement, and the dispute does not arise out of the negotiation.

Instead, "[f]or an appellate court to have jurisdiction to review an arbitration award, an appellant must allege a statutory or common law ground to vacate the award." *Grand Homes 96, L.P. v. Loudermilk*, 208 S.W.3d 696, 705 (Tex. App.—Fort Worth 2006, pet. denied). The statutory grounds are set forth in section 171.088 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088 (West 2011). The Civil Practice and Remedies Code states an arbitration award shall be vacated if:

> (1) the award was obtained by corruption, fraud or other undue means;
>
> (2) the rights of a party were prejudiced by:

(A) evident partiality by an arbitrator appointed as a neutral arbitrator;

(B) corruption in an arbitrator; or

(C) misconduct or willful misbehavior of an arbitrator;

(3) the arbitrators:

(A) exceeded their powers;

. . . .

*Id.* The City alleges the arbitrator exceeded his powers.

We review the trial court's confirmation of the arbitration award de novo. *See Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 564, 567 (Tex. App.—Dallas 2008, no pet.). Arbitration awards are entitled to great deference by the courts, *Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 429 (Tex. App.—Dallas 2004, pet. denied), so we must indulge all reasonable presumptions in favor of the award, and indulge none against it. *CVN Group v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002). Therefore, review of an arbitration award is "extraordinarily narrow." *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 263 (Tex. App.—San Antonio 2003, pet. denied); *Goodyear Tire & Rubber Co., Houston Chem. Plant v. Sanford*, 540 S.W.2d 478, 481 Tex. Civ. App.—Houston [14th Dist.] 1976, no pet.). "Review is so limited that an arbitration award may not be vacated even if there is a mistake of fact or law." *Statewide Remodeling*, 244 S.W.3d at 568.

The United States Supreme Court has stated that "[t]he refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements." *United Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596 (1960). The arbitrator's award is valid as long as it "draws its essence from the collective bargaining agreement." *Id.*

*Relevant CBA Provisions*

Article 23.7:   Sick Leave Buy-Back: The City may purchase unused sick leave days from firefighters who have accumulated at least sixty (60) days of sick leave prior to October 1st of a fiscal year at the rate of 1:1.

Article 37.1:   Only matters involving the interpretation, application, or alleged violation of a specific provision of this Collective Bargaining Agreement shall be subject to this grievance procedure.

Article 38.2:   The arbitrator shall not have the power to add, amend, modify, or subtract from the provision of this Agreement in arriving at his/her decision on the issue or issues presented and shall confine his/her decision to the interpretation of this Agreement. The arbitrator shall decide only the precise issue submitted for Arbitration and shall have no authority to determine any other issue not so submitted.

*Issues Before the Arbitrator*

In its first issue, the City contends the arbitrator was only allowed to resolve whether the City violated the CBA when it refused to buy back sick leave. The City argues the arbitrator was not allowed to decide any other matter, specifically, whether the City needed a good faith reason to refuse to buy back sick leave.

An arbitrator's authority is derived from the arbitration agreement and is limited to a decision of the matters submitted, either expressly or by necessary implication. *Gulf Oil Corp. v. Guidry*, 160 Tex. 139, 327 S.W.2d 406, 408 (Tex. 1959). An issue is arbitrable "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582-83 (1960). "If the allegations underlying the claim touch upon matters covered by the agreement, then the claim is subject to arbitration regardless of the legal label attached to it." *United Parcel Serv., Inc. v. McFall*, 940 S.W.2d 716, 719 (Tex. App.—Amarillo 1997, no pet.).

Any doubts concerning the scope of what is arbitrable should be resolved in favor of arbitration. *Myer v. Americo Life, Inc.*, 232 S.W.3d 401, 408 (Tex. App.—Dallas 2007, no pet.).

The City makes its argument premised on article 38.2 of the CBA, which states, "[t]he arbitrator shall decide only the precise issue submitted for Arbitration and shall have no authority to determine any other issue not so submitted." The City argues the only dispute submitted to arbitration was whether the City violated the CBA when it did not buy back sick leave. Mojica's grievance stated:

> Firefighters have sold their allowed Sick Leave hours every year and are now being denied their contractual rights. Our contract clearly states we are allowed to sell our Sick Leave hours each year upon meeting the requirements specified in these Articles. The suspending of Sick Leave Buy-Back clearly violates the Collective Bargaining Agreement.

In *Port Arthur Police Ass'n v. City of Port Arthur*, the question was whether the City should be required to provide police officers with inclement weather pay for working twelve hour shifts after Hurricane Rita. No. 09-09-00242-CV, 2010 WL 2173874, at *1 (Tex. App.—Beaumont May 27, 2010, no pet.) (mem. op.). The Association complained that other City employees were given inclement weather pay, plus pay for actual hours worked and overtime, but the police officers only received actual pay and overtime. *Id.* In its complaint, the Association claimed the City had a past practice of treating police officers and other City employees equally regarding economic benefits. *Id.* at *3. The Ninth Court of Appeals held this complaint was arbitrable, and the trial court erred by enjoining arbitration. *Id.* at *4.

Here, Mojica's complaint alleged the City violated the CBA because of the City's past practice of purchasing unused sick leave. The CBA states, as did the CBA in *Port Arthur Police Ass'n*, that "matters involving the interpretation, application, or alleged violation of a specific provision" would be subject to the specified grievance procedure, and therefore, arbitration.

"[A]rbitration of a particular claim should not be denied unless it can be said 'with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Centex/Vestal v. Friendship West Baptist Church*, 314 S.W.3d 677, 685-86 (Tex. App.—Dallas 2010, pet. denied) (quoting *Kline v. O'Quinn*, 874 S.W.2d 776, 782 (Tex. App.—Houston [14th Dist.] 1994, writ denied)). Because Mojica alleged a violation of the CBA due to the City's past practices, this would affect the interpretation or application of the CBA's provisions. Therefore, we hold the issue of the City's past practices of buying back the firefighters' sick leave was an arbitrable issue.

### *Exceeded Scope of Authority*

In its second issue, the City contends the arbitrator exceeded his scope of authority when he ruled that although the City had an option to buy back sick leave, the City's refusal to do so was subject to a good faith standard.

A contention that the arbitrator exceeded his authority is one of the very narrow statutory grounds to vacate an award. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088. "Arbitrators therefore exceed their powers when they decide matters not properly before them." *Pheng Invs. Inc. v. Rodriguez*, 196 S.W.3d 322, 329 (Tex. App.—Fort Worth 2006, no pet.); *see Barsness v. Scott*, 126 S.W.3d 232, 241 (Tex. App.—San Antonio 2003, pet. denied). However, an award may not be vacated even if a mistake of fact is made or the substantive law is misapplied. *Pheng Invs. Inc.*, 196 S.W.3d at 329; *see Centex/Vestal*, 314 S.W.3d at 686 ("[A] complaint that the arbitrator decided the issue incorrectly or made a mistake of law is not a complaint that the arbitrator exceeded his powers."). We may not substitute our own judgment just because we would have reached a different conclusion. *See Centex/Vestal*, 314 S.W.3d at 686. Therefore, vacating an arbitrator's award is rare.

The Fifth Circuit Court of Appeals's case law is instructive. The Fifth Circuit has stated an award is legitimate so long as it "draws its essence from the collective bargaining agreement." *Folger Coffee Co. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.-UAW, Local Union No. 1805*, 905 F.2d 108, 110 (5th Cir. 1990) (quoting *Enter. Wheel & Car Corp.*, 363 U.S. at 597). The Fifth Circuit further explained that "[a]n award draws its essence from the agreement so long as it is 'rationally inferable' in 'some logical way' from the agreement." *Id.* (quoting *Int'l Chem. Workers Union v. Day & Zimmermann, Inc.*, 791 F.2d 366, 369 (5th Cir. 1986)).

Here, the CBA did not expressly state that the City's past practice of buying back sick leave or whether the City acted in good faith could be considered. But, even if the arbitrator made a mistake of fact or misapplied the substantive law when he considered the City's past practices, we find his consideration of the City's past practice drew its essence from the CBA. *See Folger Coffee Co.*, 905 F.2d at 110; *Pheng Invs. Inc.*, 196 S.W.3d at 329. Therefore, we hold the trial court did not err by affirming the arbitrator's award.

## CONCLUSION

Although we recognize the significant hardships the arbitrator's decision has placed on the City, our review is very limited, and we must affirm the arbitrator's findings because there are no valid reasons to vacate the arbitrator's award. *See Pheng Invs. Inc.*, 196 S.W.3d at 329. We also hold the issue of past practices, as submitted by Mojica, was an arbitrable issue as it drew its essence from the CBA. Accordingly, the trial court's judgment is affirmed.

Marialyn Barnard, Justice