**Reversed and Remanded and Opinion filed June 13, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-01113-CV

---

## THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWALT, INC. ALTERNATIVE LOAN TRUST 2006-OA17, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA17 AND BAC HOME LOANS SERVICING, LP, Appellants

### V.

## SONIAVOU BOOKS, LLC, Appellee

---

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2011-05095**

---

## O P I N I O N

A bank and a mortgage servicer bring this restricted appeal from a trial court's order granting final default judgment. The bank challenges service of process as being improper and the mortgage servicer challenges whether a live controversy exists between the parties, whether the pleadings support the

judgment, and whether the trial court's award of attorney's fees to the plaintiff was proper. We conclude that service of process on the bank was improper. Regarding the mortgage servicer, we conclude that a live controversy exists and that the trial court erred in granting relief not requested in the petition. Accordingly, we reverse the trial court's default judgment as to both defendants and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee/plaintiff Soniavou Books, LLC (hereinafter "Books") filed suit on January 26, 2011, against appellants/defendants The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificate Holders of the CWALT, Inc. Alternative Loan Trust 2006-OA17, Mortgage Pass-Through Certificates, Series 2006-OA17 (hereinafter, the "Bank") and BAC Home Loans Servicing, LP (hereinafter the "Mortgage Servicer"). Books alleged it was the owner of a condominium unit that Books acquired in November 2010 (the "Property"). Books asserted that the Bank and its Mortgage Servicer were attempting to conduct a foreclosure sale on the Property based upon a deed of trust executed in July 2006 (the "Deed of Trust") and that the foreclosure sale was scheduled for February 1, 2011. In its petition, Books sought injunctive relief against the foreclosure sale, money damages based upon various claims, declaratory relief, and attorney's fees. In its petition Books did not ask the trial court to order or declare that the Deed of Trust is void and of no force or effect. Nor did Books ask the trial court to order or declare the Deed of Trust "removed from the title to [the Property]."

On the same day it filed suit, Books obtained a temporary restraining order in which the court ordered the Bank and the Mortgage Servicer (collectively, the "Bank Parties") not to conduct a foreclosure sale on the Property. The Bank Parties did not answer or make an appearance. After filing returns of service,

2

Books filed a motion for default judgment and asked the trial court to render a final default judgment declaring that the Deed of Trust is void and of no force or effect and ordering the Deed of Trust "removed from the title to [the Property]." Books also sought reasonable attorney's fees but did not seek any money damages. The motion was submitted to the trial court without oral argument, and the trial court granted Books the relief requested. The Bank Parties have filed restricted appeals from this final default judgment.

## II. ISSUES AND ANALYSIS

To prevail on a restricted appeal, a party must establish that (1) it filed a notice of restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying suit; (3) the party did not participate in the hearing that resulted in the challenged judgment and did not file timely any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The record reflects that the first three elements are satisfied as to the Bank Parties. Thus, we address whether error is apparent on the face of the record.

### A.    Was the Bank properly served with citation?

In its first appellate issue, the Bank asserts that it was not properly served with citation. In a restricted appeal, there are no presumptions in favor of valid issuance, service, and return of citation. *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). The Bank asserts that the citation directed to the Bank was not served on its registered agent. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.028(b) (West 2008) (stating that, with an exception not applicable in the case under review, "in an action against a financial institution, citation may be served by . . . serving the registered agent of the financial institution . . . or . . . if the

3

financial institution does not have a registered agent, serving the president or a branch manager at any office located in this state"). On appeal, Books concedes that citation was not served on the Bank's registered agent and that the Bank was not properly served. It is apparent from the face of the record that the trial court erred in granting a default judgment against the Bank because the Bank had not been properly served with citation. *See Primate Const., Inc.*, 884 S.W.2d at 152. Accordingly, we sustain the Bank's first issue, reverse the trial court's judgment against the Bank, and remand for further proceedings.[1]

## B.      Does a live controversy exist between Books and the Mortgage Servicer?

In its first appellate issue, the Mortgage Servicer asserts that no live controversy exists between the Mortgage Servicer and Books that would provide the basis for declaratory relief. The Supreme Court of Texas has held that a request for declaratory judgment is moot if the claim presents no live controversy. *See Tex. A&M Univ.-Kingsville v. Yarbrough*, 347 S.W.3d 289, 290 (Tex. 2011). In its petition Books asserted that the Mortgage Servicer was trying to conduct a nonjudicial foreclosure sale on the Property, and Books requested that the trial court declare that such a nonjudicial foreclosure sale is not proper unless the Bank has possession of the original note with the proper endorsements. The Mortgage Servicer asserts that it has no controversy with Books as to whether the Deed of Trust is void because the Mortgage Servicer owns no interest in the Property or the Deed of Trust. As discussed in more detail below, in its petition, Books did not request the declarations made by the trial court in the judgment. As to the relief requested in the petition, we conclude there is a live controversy between Books and the Servicer. *See Rodarte v. Investeco Group, L.L.C.*, 299 S.W.3d 400, 408–09 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Accordingly, we overrule the

---

[1] We need not and do not address the Bank's remaining issues.

Mortgage Servicer's first issue.

**C. Do the pleadings support the trial court's judgment against the Mortgage Servicer?**

In its second issue, the Mortgage Servicer asserts that error is apparent on the face of the record because the trial court's judgment is not supported by Books's pleadings. A default judgment must be supported by the pleadings. *See Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). Likewise, the defendant must have fair notice of the plaintiff's claims and the relief sought by the plaintiff. *See id.* at 683. Error is apparent on the face of the record if the trial court grants relief in the default judgment that was not requested in the pleadings. *See Mullen v. Roberts*, 423 S.W.2d 576, 579 (Tex. 1968); *McKnight v. Trogdon-McKnight*, 132 S.W.3d 126, 131–32 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

In its petition Books made the following allegations:

- This suit involves a dispute concerning the ownership of certain real property located in Harris County, Texas.

- On November 10, 2010, Books became the owner of the Property.

- On July 14, 2006, Countrywide Bank, N.A. accepted and caused to be recorded the Deed of Trust, signed by Israel and Bella Helprin as grantors purporting to create a lien for security purposes on the Property.

- On or about December 22, 2010, Mortgage Electronic Registration Systems, Inc. ("MERS") assigned its beneficial interest under the Deed of Trust to the Bank.

- The Bank Parties are attempting to conduct a foreclosure sale of the Property against Israel and Bella Helprin, the former owners of the Property.

- The foreclosure sale is scheduled for February 1, 2011, as shown by the Notice of Substitute Trustee's Sale attached to the petition.

- The sale is to be conducted by Reconstruct Company, N.A., which has been appointed Substitute Trustee by the Mortgage Servicer, the

5

mortgage servicer for the Bank.

- The purported Substitute Trustee will attempt to sell the Property by public auction to the highest bidder for cash.

- Books seeks to enjoin and restrain the Bank Parties from conducting a foreclosure sale of the Property on February 1, 2011.

- Upon information and belief, the Bank does not have authority under a note or deed of trust or similar instrument conferring a valid non-judicial power of sale with respect to the Property. Alternatively, if the Bank does have a lawful non-judicial power of sale, the Bank was negligent because it failed to notify Books of the foreclosure.

- Books petitions the court under the Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and Remedies Code, for a declaration of the rights held by the parties and the unenforceability of certain documents and claims held by the Bank Parties.

- Books petitions the court to order the Bank Parties to provide proof of ownership of the note and superior lien to the Property and if so proved to order the Bank Parties to provide Books with notice of intent to foreclose.

- On or about December 22, 2010, MERS assigned the Deed of Trust to the Bank. But there is no information, proof, or evidence to show that MERS was the holder of the Deed of Trust or had the right to transfer the Deed of Trust. Therefore, Books challenges the Bank Parties' right to foreclose on the Property.

- A deed of trust is in legal effect a mortgage with power to sell on default. Under Texas law, the existence of a debt is indispensable to the existence of a mortgage, and without a debt, there can be no mortgage. If the original real estate lien note with the proper endorsements, if any, is not in the claimant's possession, then the real estate lien note cannot be enforced non-judicially upon default of the note through the power of sale.

- Unless the Bank Parties are the holder of the Deed of Trust and the note, they do not have standing to foreclose. If the Deed of Trust and note are not in the possession of the original note holder and there is not a written endorsement and proof of the chain of title, the person in possession is not entitled to the status of holder. The Bank must prove that it is a holder in due course; otherwise, there is no right to non-

6

judicially foreclose on the Property.

- Rather, if the original note is not in the Bank's actual possession, the Bank has to judicially enforce the note by showing that (1) the note exists and its terms; (2) the maker has signed the note; (3) the Bank is the owner and holder of the note or is entitled to enforce a lost note; and (4) a certain balance is due and owing on the note.

- The power of sale set forth in the Deed of Trust, although appearing valid on its face, is in fact unenforceable and "null and void" because Books alleges that there is no debt that is secured by the Deed of Trust. Books makes this allegation because, based upon information and belief, the Bank does not possess the original real estate lien note with proper endorsements, if any, and the note cannot be enforced non-judicially upon default through the power of sale set forth in the Deed of Trust. Rather, without possession of the original note, enforcement of the note upon default has to be through judicial proceedings.

- Books is not alleging that the note was not executed or that the Deed of Trust was not enforceable when it was executed and recorded. Books alleges that upon default, the note cannot be enforced non-judicially at the current time or in the future through the Deed of Trust's power of sale, unless the Bank has possession of the original note with the proper endorsements.

- For there to be a valid assignment for purposes of foreclosure, both the note and Deed of Trust must be assigned. Thus, if the Bank cannot affirmatively show that it has the original note with the proper endorsements, then the note has been lost, misplaced, or is being held by another, thereby causing the power of sale in the Deed of Trust to be "null and void." If the note has been lost or misplaced, the alleged owner must judicially show the existence, execution, ownership, and balance owing to enforce the note upon default.

- A justiciable controversy exists as to who is the current holder in due course of the Deed of Trust and the note.

- Alternatively, the Bank Parties owed a duty to notify Books of their attempted foreclosure on the Property. Books did not receive notice of the pending foreclosure sale. The Bank Parties are attempting to foreclose on the Property without any notice, which amounts to negligence and violates federal due process guarantees.

- Alternatively, Books asserts a claim for private nuisance.

Based on the foregoing allegations, Books sought injunctive relief, including a temporary restraining order, a temporary injunction, and a permanent injunction, restraining the Bank Parties from conducting the threatened foreclosure sale on the Property. Books also requested actual damages, declaratory relief, and attorney's fees under the Texas Declaratory Judgments Act. Books asked that the Bank Parties be required to produce the original note and the original assignments and letters of authority showing that they are entitled to non-judicially foreclose on the Property.

In its default judgment, the trial court determined that Books is the owner of the Property and declared that the Deed of Trust is void and of no force or effect. The trial court also ordered the Deed of Trust "removed from the title to [the Property]." Though Books alleged that the power of sale in the Deed of Trust was "null and void" such that the Bank Parties could not proceed with a non-judicial foreclosure, Books did not allege that the Deed of Trust is void, unenforceable, or of no force or effect. In its petition Books did not ask the trial court for a determination that Books is the owner of the Property or for an order or declaration that the Deed of Trust is void and of no force or effect. Nor did Books make any request in its pleadings that the trial court order or declare the Deed of Trust "removed from the title to [the Property]."

Error is apparent on the face of the record because the relief the trial court granted to Books in the default judgment was not requested in Books's petition.[2]

---

[2] Books argues that the Mortgage Servicer has no standing to challenge the declaratory relief in the default judgment because the Mortgage Servicer has no interest in the Property or the Deed of Trust. We disagree. The trial court rendered judgment against the Mortgage Servicer, ordered that the Deed of Trust the Mortgage Servicer was attempting to foreclose on behalf of the Bank is void, and ordered the Mortgage Servicer to pay Books reasonable attorney's fees. The Mortgage Servicer has standing to challenge all of the relief awarded in the judgment.

*See Cunningham v. Parkdale Bank*, 660 S.W.2d 810 (Tex. 1983); *Stoner*, 578 S.W.2d at 683; *Mullen*, 423 S.W.2d at 579; *Binder v. Joe*, 193 S.W.3d 29, 33 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *McKnight*, 132 S.W.3d at 131–32. Accordingly, we sustain the Mortgage Servicer's second issue.[3]

**D.   Should this court reverse the award of attorney's fees against the Mortgage Servicer?**

In its fourth issue, the Mortgage Servicer challenges the trial court's award of attorney's fees to Books. The only basis in the petition for recovery of the attorney's fees is the Declaratory Judgments Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2012) (stating that "[i]n any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just"). The award of attorney's fees in a declaratory-judgment action is within the trial court's discretion and is not dependent upon a finding that a party substantially prevailed. *See Barshop v. Medina*, 925 S.W.2d 618, 637–38 (Tex. 1996); *Chase Home Fin., L.L.C. v. Cal West. Reconveyance Corp.*, 309 S.W.3d 619, 634 (Tex. App.—Houston [14th Dist.] 2010, no pet.). On appeal, we have concluded that the trial court erred in rendering all declaratory relief contained in its judgment. Because our disposition on appeal substantially affects the trial court's judgment, reversal of the attorney's fees award against the Mortgage Servicer is warranted so that on remand the trial court can address what costs and attorney's fees, if any, should be awarded against the Mortgage Servicer

---

[3] The Mortgage Servicer asserts that, because the Bank was not properly served with citation, the trial court lacked jurisdiction over the Bank and the judgment is void as to both the Bank and the Mortgage Servicer. Notably, the Mortgage Servicer is not asserting that it was not properly served with citation and has not cited any authority for the proposition that the failure to obtain proper service of citation on one defendant entitles a co-defendant who was properly served to a reversal of a default judgment against the co-defendant. We reject the Mortgage Servicer's argument.

9

under the Declaratory Judgments Act. *See Barshop*, 925 S.W.2d at 637–38; *Chase Home Fin., L.L.C.*, 309 S.W.3d at 634. Accordingly, we sustain the Mortgage Servicer's fourth issue to the extent the Mortgage Servicer seeks reversal of the attorney's fees award.[4]

### III. CONCLUSION

It is apparent from the face of the record that the trial court erred in granting a default judgment against the Bank because the Bank had not been properly served with citation. It is also apparent from the face of the record that the trial court erred in granting judgment against the Mortgage Servicer because the relief granted in the judgment was not requested in Books's petition and thus not supported by the pleadings. Because our disposition on appeal substantially affects the trial court's judgment, the proper course is to reverse the attorney's fees award against the Mortgage Servicer and remand this case so that the trial court can address what costs and attorney's fees, if any, should be awarded under the Declaratory Judgments Act after adjudication of the claims asserted in Books's petition. Accordingly, we reverse the trial court's judgment against the Bank Parties and remand for further proceedings consistent with this opinion.


/s/    Kem Thompson Frost
       Justice


Panel consists of Justices Frost, Christopher, and Jamison.

---

[4] We need not and do not address the Mortgage Servicer's third issue.