**Reversed, Rendered in Part, and Remanded in Part and Memorandum Opinion filed March 6, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00061-CV

---

## ORANGE ASSOCIATION OF FIRE FIGHTERS, Appellant

## V.

## THE CITY OF ORANGE, TEXAS AND SHAWN OUBRE, IN HIS OFFICIAL CAPACITY AS ORANGE CITY MANAGER, Appellees

---

**On Appeal from the 260th District Court
Orange County, Texas
Trial Court Cause No. B-120125-C**

---

## MEMORANDUM OPINION

In this appeal from an underlying declaratory-judgment action in which a trial court granted summary judgment in favor of a city, a firefighters' union asserts that the trial court should have compelled arbitration of a grievance pursuant to the parties' collective bargaining agreement and that the trial court erred in its award of attorney's fees to the city. We conclude the grievance was subject to the arbitration procedures outlined in the collective bargaining

agreement, reverse the trial court's judgment, and render judgment compelling arbitration of the grievance. We remand for further proceedings regarding the City's request for attorney's fees.

## FACTUAL AND PROCEDURAL BACKGROUND

Orange Association of Firefighters (the "Association") filed suit against the City of Orange, Texas, and its city manager (collectively "the City"), seeking declaratory and injunctive relief to compel arbitration of a grievance pursuant to the parties' collective bargaining agreement ("Agreement"). The basis of the grievance was that the Fire Chief assigned an employee involuntarily to the position of Fire Marshal in January 2012 when, in the past, the position had been filled by voluntary assignment. The Association alleged that the change from its past practices was a violation of the Agreement and subject to the Agreement's grievance procedures. The Association had initiated the grievance procedures outlined in the Agreement and notified the City of its intent to proceed to arbitration under the Agreement, but the City refused to proceed to arbitration. The Association filed suit and also sought attorney's fees and costs.

The City asserted a general denial and claimed that grievance procedures in the Agreement did not apply because the Agreement expressly provides for the City's discretion in determining the assigned work of employees. The parties filed cross-motions for summary judgment, each seeking an award of attorney's fees in connection with the declaratory relief sought. In a final judgment signed December 7, 2012, the trial court denied the Association's motion for summary judgment in its entirety and granted the City's motion for summary judgment in its entirety, ruling that (1) the City was not required to arbitrate the grievance; and (2) the Agreement provided for the City's right to order that the employee be required to accept the position of Fire Marshal. The trial court ordered that the City recover

2

its attorney's fees from the Association. On appeal[1] the Association asserts the trial court erred by (1) granting summary judgment that the grievance was not arbitrable and (2) awarding attorney's fees to the City.

## ANALYSIS

In its first issue, the Association asserts that the trial court erred in granting summary judgment in favor of the City and in denying the Association's motion for summary judgment. According to the Association, the trial court should have compelled the parties to engage in arbitration, and in declining to do so, the trial court improperly decided the merits of the parties' dispute.

### A. Standard of Review

Declaratory judgments decided by summary judgment are reviewed under the same standards of review that govern summary judgments generally. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.010 (West 2008). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). When, as in this case, both parties move for summary judgment, each party must carry its own burden, and neither can prevail because of the failure of the other to discharge its burden. *INAC Corp. v. Underwriters at Lloyd's*, 56 S.W.3d 242, 247 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Because each party was a movant, the burden for each was the same: to establish entitlement to a summary judgment by conclusively proving all the elements of the claim or defense as a

---

[1] The Association Appellant initially appealed to the Ninth Court of Appeals in Beaumont. Pursuant to its docket equalization authority, the Texas Supreme Court transferred the appeal to this court. *See* Tex. Gov't Code Ann. § 73.001 (West 2013).

3

matter of law. *Id.* In reviewing the trial court's rulings on these cross-motions, we must consider all summary-judgment evidence, determine all issues presented, and render the judgment that the trial court should have rendered. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

## B. Requirements for Arbitration

At issue is whether the Association's grievance must be arbitrated in accordance with the grievance procedures in the Agreement. A party seeking to compel arbitration must establish that (1) a valid arbitration agreement exists and (2) the claims at issue are within the scope of the agreement. *See In re D. Wilson Const. Co.*, 196 S.W.3d 774, 781 (Tex. 2006) (orig. proceeding); *In re Igloo Prods. Corp.*, 238 S.W.3d 574, 577 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding [mand. denied]). Whether the grievance is within the scope of the issues intended for arbitration is a question of law and a matter of contract interpretation. *See Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 229–30 (Tex. App.—Houston [14th Dist.] 1993, writ denied). Upon satisfaction of these two showings, the burden shifts to the party opposing arbitration to present a valid defense to the agreement, and absent evidence supporting such a defense, the trial court must compel arbitration. *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227–28 (Tex. 2003); *In re Igloo Prods. Corp.*, 238 S.W.3d at 577.

## C. The Parties' Agreement

In support of their motions for summary judgment, the parties attached the Agreement. It is undisputed that the Agreement was a valid collective bargaining agreement in effect from October 2011 to September 2012, and was negotiated under the authority of the Fire and Police Employee Relations Act ("FPERA"). *See* Tex. Local Gov't Code Ann. §§ 174.001–174.253 (West 2008). The Agreement's outlined appeals and grievance procedures provide in part:

> Any controversy between the City and the Union or any employee concerning the interpretation, enforcement, or application of any provision of this Agreement, or concerning any of the terms of conditions of employment contained in this Agreement, shall be adjusted in the following manner . . . .

The Agreement describes a five-step grievance procedure, allowing for both firefighter and Association-initiated grievances, that culminates in arbitration if unresolved. The City contends that the grievance concerning whether a firefighter may be involuntarily assigned as Fire Marshal does not fall within the scope of controversy requiring arbitration.

### D. Scope of the Grievance Procedures

We next consider whether the grievance fell within the scope of the Agreement's grievance procedures and thus subject to its arbitration provision. *See In re D. Wilson Const. Co.*, 196 S.W.3d at 780–81; *In re Igloo Prods. Corp.*, 238 S.W.3d at 577. In our determination, we apply general principles of contract interpretation to the collective bargaining agreement. *See e.g.*, *City of Houston v. Williams*, 353 S.W.3d 128, 147 (Tex. 2011). Any doubts as to whether the Association's grievance against the City falls within the scope of the grievance procedures of the Agreement must be resolved in favor of arbitration. *See Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995). A court should not deny arbitration unless the court can say with positive assurance that an arbitration clause is not susceptible of an interpretation that would cover the claims at issue. *Id.* In determining whether a claim falls within the scope of an arbitration agreement, we focus on the Association's factual allegations, rather than the legal claims asserted by the Association. *Id.* at 900.

The presumption of arbitrability is particularly applicable when an arbitration clause is broad as providing for arbitration of "any dispute arising

between the parties," or "any controversy or claim arising out of or relating to the contract thereof," or "any controversy concerning the interpretation, performance or application of the contract." *See Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 230 (Tex. App.—Houston [14th Dist.] 1993, writ denied). In such instances, absent any express provision excluding a particular grievance from arbitration, only the most forceful evidence of purpose to exclude the claim from arbitration can prevail, and the City has the burden of showing that the grievance falls outside the scope of the grievance procedures. *See Marshall*, 909 S.W.2d at 900; *Babcock & Wilcox Co.*, 863 S.W.2d at 230. Nonetheless, the strong policy in favor of arbitration cannot serve to stretch a contractual clause beyond the scope intended by the parties or to allow modification of the unambiguous meaning of the grievance procedures. *See IKON Office Solutions, Inc. v. Eifert*, 2 S.W.3d 688, 697 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

According to the Association, by changing its past practice of assigning the Fire Marshal position voluntarily,[2] the City violated the "maintenance of standards" provision in the Agreement, which provides as follows:

> All "economic benefits[,]" privileges, and working conditions enjoyed by the members of the bargaining unit as the effective date of this Agreement, unless contrary to this Agreement, shall remain unchanged for the duration of this Agreement, so long as those standards, privileges, and working conditions do not adversely interfere with normal operation of the Fire Department.

The Association contends that its grievance claiming a violation of this provision was within the scope of the Agreement's outlined appeals and grievance procedures, which broadly apply to any controversy between the City and any

---

[2] In support of it motion for summary judgment, the Association attached the affidavit of the Association's past president that referred to the City's past practice of filling the Fire Marshal position by voluntary assignment prior to 2012.

6

employee concerning the application of any provision of the Agreement.

The City contends that the Association is not seeking to compel arbitration of compensation, hours or other conditions of employment, but rather arbitration of the power and authority of the City to determine the assigned work of firefighters, which is a management right of the City not subject to the grievance procedures. The City relies on the contractually reserved authority to assign work to its employees as reflected in Article IV of the Agreement entitled "Management Rights":

> The [Association] agrees that the City shall maintain and be vested with all of the rights, powers, and authority to operate and manage the Department without limitation, as granted to it or as limited by the Charter and Ordinances of the City of Orange, or any other statute or law of the State of Texas, except as specifically limited by this Agreement.

The Agreement additionally provides that the City shall have the "rights, power and authority to exercise such, including, but not limited to the following" . . . "[d]etermine the assigned work of employees" and "[h]ire, promote, and assign employee[s]."

We hold that the grievance is subject to the grievance procedures, including arbitration, contained in the Agreement. The Association does not dispute the City's contractually reserved rights to assign employees or determine the assigned work of employees, except as specifically limited by the Agreement. However, the Association's grievance alleges the City's violation of the Agreement's "maintenance of standards" provision by altering its past practices of filling the position of Fire Marshal by voluntary assignment. *See City of Laredo v. Mojica*, 399 S.W.3d 190, 196 (Tex. App.—San Antonio 2012, pet. denied) (clarifying issue as one relating to a change in past practices); *Port Arthur Police Ass'n v. City of Port Arthur*, No. 09-09-00242-CV, 2010 WL 2173874, at *3 (Tex. App.—

7

Beaumont May 27, 2010, no pet.) (mem. op.) (considering factual allegations to encompass a complaint that the City's failure to pay police officers' "inclement weather pay" was a change in the City's past practices in violation of a collective-bargaining agreement's "maintenance of standards" provision).

Interpreting the Agreement to decide how these provisions interact is a matter that the parties expressly agreed to submit to a grievance and arbitration procedure. When, as in this case, the Agreement's grievance procedures are broad, as encompassing "[a]ny controversy between the City and the [Association] or any employee concerning the interpretation, enforcement, or application of any provision of this Agreement," we presume the Association's grievance is arbitrable absent any express provision excluding the particular grievance from arbitration. *See Marshall*, 909 S.W.2d at 900; *Babcock & Wilcox Co.*, 863 S.W.2d at 230. Under the unambiguous language of the Agreement's grievance procedures, there is no express provision excluding any grievance challenging the City's past practices from progressing to arbitration; the City points to no such provision in the Agreement. Additionally, the City provided no evidence of the parties' intent to exclude a grievance relating to the "maintenance of standards" provision or the "Management Rights" provision from arbitration, nor any opposing evidence relating to its past practices in filling the position.[3] *Cf. Port Arthur Police Ass'n*, 2010 WL 2173874, at *3 (considering evidence and testimony as to past practices in paying "inclement weather pay" in determining whether a grievances was arbitrable under the scope of a collective bargaining agreement). Because the

---

[3] Although on appeal the City characterizes the verified affidavit of the Association's president as "unsubstantiated," the City has raised no objections or challenges to the affidavit either at trial or on appeal and has presented no controverting, opposing evidence of its past practices in filling the position. Summary judgment may be based on uncontroverted testimonial evidence if the evidence is "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex. R. Civ. P. 166a(c); *see Trico Techs. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997).

Association alleged a violation of the "maintenance of standards" provision of the Agreement related to the City's past practices, the grievance would affect the interpretation, enforcement, or application of the Agreement's provisions. *See Mojica*, 399 S.W.3d at 196.

We conclude that the grievance involves the "interpretation, enforcement, or application" of the Agreement and, thus, would be subject to the specified grievance procedure including arbitration.[4] *See Mojica*, 399 S.W.3d at 196; *Port Arthur Police Ass'n*, 2010 WL 2173874, at *3–4. Accordingly, the Association's grievance challenging the City's filling the position by involuntary assignment in contrast with the City's past practice of filling the position by voluntary assignment was an arbitrable issue. *See id.* Because there is an arbitrable issue, the trial court's judgment declaring that arbitration is not required was improper, and the court should have granted the Association's motion for summary judgment seeking to compel arbitration of its grievance. *See Port Arthur Police Ass'n*, 2010 WL 2173874, at *4. We sustain the Association's first issue, reverse the declaratory summary judgment in favor of the City, and render judgment compelling arbitration of the grievance.

When a declaratory judgment is reversed on appeal, an award of attorney's fees may no longer be equitable and just, and an appellate court may remand the

---

[4] The City asserts that proceeding to arbitration would impermissibly infringe upon its constitutionally derived police powers and legislative authority. However, the City has provided no authority that proceeding to arbitration under the Agreement to resolve a grievance relating to allegations of a change in past practices would infringe upon the City's police power or legislative authority. Arbitration is a matter of contract between the parties, and a party cannot be required to submit to arbitration any dispute that a party has not agreed to submit to arbitration. *See Port Arthur Police Ass'n v. City of Port Arthur*, No. 09-09-00242-CV, 2010 WL 2173874, at *1 (Tex. App.—Beaumont May 27, 2010, no pet.). Because the Agreement provides for the specified grievance procedures of "[a]ny controversy" involving the "interpretation, enforcement, or application" of any provision in the Agreement, the City has agreed to arbitrate those matters. *See id.*

9

attorney's fee award for reconsideration in light of the disposition on appeal. *See Bank of New York Mellon v. Soniavou Books, LLC*, 403 S.W.3d 900, 907 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Because we have determined that the Association's grievance was arbitrable under the Agreement and that the trial court erred in rendering judgment in favor of the City, reversal of the award of attorney's fees taxed against the Association is warranted. *See id.* Accordingly, we likewise sustain the Association's second issue contesting the trial court's award of attorney's fees to the City, and we remand the case for the trial court to reconsider the City's fee request. *See id.*[5]

## CONCLUSION

Having sustained the Association's two issues, we reverse the trial court's judgment, render judgment compelling arbitration of the Association's grievance, and remand the case to the trial court for further proceedings regarding the City's fee request.


Rebecca Simmons
Justice


Panel consists of Justices McCally, Busby, and Simmons.[*]

---

[5] In so doing, we express no opinion on the parties' arguments regarding the availability of fees in this case, which may be presented to the trial court on remand.

[*] Justice Rebecca Simmons sitting by assignment.