

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00487-CV

Mary Alice **SAIZ**,
Appellant

v.

**SUSSER HOLDINGS CORPORATION** and Stripes LLC,
Appellees

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 2012-02-28,530-CV
The Honorable Camile G. Dubose, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
    Marialyn Barnard, Justice
    Patricia O. Alvarez, Justice

Delivered and Filed:  March 11, 2015

AFFIRMED

Mary Alice Saiz sustained an on-the-job injury but did not file a demand to arbitrate her claims arising out of that injury until more than two years after the date of the injury. The arbitrator granted a summary judgment in favor of Susser Holdings Corporation and Stripes, LLC (the "Companies"), concluding Saiz's claims were barred by limitations because Saiz failed to file her arbitration demand within the applicable two-year limitations period. Although Saiz filed the underlying lawsuit before the limitations period expired, the parties' arbitration agreement provided, "the party seeking arbitration must make a written demand for arbitration on the other

party within the applicable statute of limitations" and "**[n]either filing nor serving a lawsuit stops the applicable statute of limitations from continuing to run.**" (emphasis in original). Saiz appeals the trial court's order confirming the arbitration award, contending that the arbitration agreement is a pre-suit waiver that violates the Texas Labor Code or is illusory. We affirm the trial court's order.

## BACKGROUND

On February 23, 2010, Saiz sustained an on-the-job injury while employed by the Companies. The Companies are non-subscribers under the Texas Workers' Compensation Act and did not carry workers' compensation insurance. Instead, the Companies adopted the Susser Holdings, L.L.C. Employee Injury Benefit Plan to provide medical, disability, and other benefits to employees who are injured on the job and who have elected to participate in the Plan. To participate in the Plan, employees must sign an Election and Arbitration Agreement which requires that all disputes between the employee and the company be submitted to binding arbitration. It is undisputed that Saiz signed the Election and Arbitration Agreement opting to participate in the Plan.

Despite having elected to participate in the Plan and despite having been paid benefits under the Plan as a result of her injury, Saiz filed the underlying lawsuit against the Companies on February 21, 2012. The Companies answered and moved to compel arbitration. Before a hearing was held on the motion, Saiz agreed to stay the lawsuit pending arbitration.

Saiz did not file her demand for arbitration until December 11, 2012. The Companies filed a motion for summary judgment in the arbitration proceeding, Saiz filed a response, and the Companies filed a reply to the response. After the arbitrator heard oral argument, the arbitrator signed a final award on October 10, 2013, granting the motion for summary judgment and concluding that Saiz's claims were barred by limitations.

On January 10, 2014, Saiz filed a motion in the trial court to lift the abatement and to vacate the arbitration award. In her motion, Saiz's sole contention was that the arbitrator's finding that her claims were barred by limitations violated her "rights under the Texas Labor Code and the Texas and United States Constitutions." The Companies filed a response to Saiz's motion and an application to confirm the arbitration award. In their response, the Companies asserted Saiz "failed to present any evidence of a ground under Section 10 of the FAA for vacatur of the [arbitrator's award]." The record from the arbitration proceeding was not presented to the trial court and is not contained in the appellate record.

After the trial court signed an order confirming the arbitration award, Saiz filed a motion for new trial, arguing that the confirmation of the award deprived Saiz "of her rights of due process, open courts provision of the Texas Constitution, and the United States Constitutions [sic], and in violation of the Texas Labor Code." Saiz attached a copy of the response she filed in the arbitration proceeding to her motion for new trial. Saiz now appeals the trial court's order confirming the arbitration award.

## PRESERVATION

It is undisputed that the Federal Arbitration Act applies to this case. For the first time in her brief, Saiz alludes to a ground for vacatur contained in section 10 of the FAA, asserting "the arbitrator exercised his powers so imperfectly that a mutual, final, and definite award was [not] made upon the merits of the claim and that such misbehavior prejudiced her rights." In this assertion, Saiz appears to combine portions of the third and fourth grounds listed in section 10 which permit an arbitration award to be vacated:

> (3) where the arbitrators were guilty of . . . any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(3), (4). In response to Saiz's reference to section 10 of the FAA in her brief, the Companies argue that Saiz failed to enunciate a basis for vacatur under section 10 in the trial court.

A party seeking to vacate an arbitration award under the FAA must serve notice of the motion to vacate on the adverse party or his attorney within three months after the award is filed or delivered. 9 U.S.C. § 12. Even when a motion to vacate is filed under the FAA, Texas courts apply Texas procedural rules in considering the motion. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992); *In re Chestnut Energy Partners, Inc.*, 300 S.W.3d 386, 394-95 (Tex. App.—Dallas 2009, pet. denied).

"[A] party seeking to vacate an arbitration award must present any grounds for doing so to the trial court." *Black v. Shor*, 443 S.W.3d 154, 163 (Tex. App.—Corpus Christi 2013, pet. denied). Any ground for vacatur not presented to the trial court is waived and cannot be argued on appeal. *Black*, 443 S.W.3d at 163; *see also Ewing v. Act Catastrophe-Tex. L.C.*, 375 S.W.3d 545, 549 (Tex. App.—Dallas 2012, pet. denied) (holding party must present ground for vacating arbitration award to the trial court or error is not preserved); *Kline v. O'Quinn*, 874 S.W.2d 776, 790-91 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (holding party seeking to vacate arbitrators' award must establish basis for vacating in the trial court and waives any grounds not presented to the trial court) (op. on reh'g).

Saiz did not present any of the grounds listed in section 10 in the motions she filed in the trial court. Accordingly, she has waived her complaint on appeal that the arbitrator's award violated the third and fourth grounds listed in section 10 of the FAA.

**ABSENCE OF RECORD FROM ARBITRATION PROCEEDING**

Even if Saiz had preserved her complaint for this court's review, Saiz, as the non-prevailing party, had the "burden in the trial court of bringing forth a complete record that establishes [the] basis for vacating the award." *Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 564, 558 (Tex. App.—Dallas 2008, no pet.); *see also GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 263-64 (Tex. App.—San Antonio 2003, pet. denied); *Kline*, 874 S.W.2d at 190. "Many Texas courts have held without a complete record of the evidence presented to the arbitrator at the arbitration proceedings, there can be no appellate review of the arbitrator's decision." *Statewide Remodeling, Inc.*, 244 S.W.3d at 568-69; *see also Gumble v. Grand Homes 2000, L.P.*, 334 S.W.3d 1, 4 (Tex. App.—Dallas 2007, no pet.); *Grand Homes 96, L.P. v. Loudermilk*, 208 S.W.3d 696, 706 (Tex. App.—Fort Worth 2006, pet. denied). Accordingly, even if Saiz had preserved her complaint for this court's review, we question whether we could review her issues in the absence of a complete record of the arbitration proceedings.

**LIMITED REVIEW OF ARBITRATION AWARDS**

"We review the trial court's confirmation of [an] arbitration award de novo." *City of Laredo v. Mojica*, 399 S.W.3d 190, 194-95 (Tex. App.—San Antonio 2012, pet. denied). "Arbitration awards are entitled to great deference by the courts, so we must include all reasonable presumptions in favor of the award, and indulge none against it." *Id*. at 195.

"Because Texas law favors arbitration, judicial review of an arbitration award is extraordinarily narrow." *East Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010). "A mere mistake of law or fact is insufficient to set aside an arbitration award." *Grand Homes 96, L.P.*, 208 S.W.3d at 705; *see also City of Laredo*, 399 S.W.3d at 195 ("'Review is so limited that an arbitration award may not be vacated even if there is a mistake of fact or law.'") (quoting *Statewide Remodeling, Inc.*, 244 S.W.3d at 568).

Although Saiz alludes to two of the grounds listed in section 10 of the FAA in her brief, the issues she actually briefs are: (1) whether the arbitration agreement was a pre-injury waiver that is void and unenforceable under the Texas Labor Code; and (2) whether the arbitration agreement was illusory. The issue of whether the arbitration agreement was an impermissible pre-injury waiver involves questions of contract interpretation and statutory construction, which are both questions of law. *See Moayedi v. Interstate 35/Chisam Road, L.P.*, 438 S.W.3d 1, 7 (Tex. 2014) (noting interpretation of contract is a question of law); *Texas West Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 177 (Tex. 2012) (noting statutory construction is a legal question); *see also In re Golden Peanut Co., LLC*, 298 S.W.3d 629, 631 (Tex. 2009) ("[A]n agreement to arbitrate is a waiver of neither a cause of action nor the rights provided under section 406.033(a) [of the Texas Labor Code], but rather an agreement that those claims should be tried in a specific forum. Accordingly, section 406.033(e) does not render the arbitration agreement void."). Similarly, whether an arbitration agreement is illusory also is a question of law. *In re 24R, Inc.*, 324 S.W.3d 564, 566-67 (Tex. 2010). The arbitrator's written decision establishes that both of these legal questions were addressed and resolved by the arbitrator. Even if the arbitrator mistakenly resolved those issues, a mistake of law is not a sufficient basis for vacating an arbitration award. *City of Laredo*, 399 S.W.3d at 195; *Grand Homes 96, L.P.*, 208 S.W.3d at 705; *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671-72 (2010) (noting decision may not be vacated under § 10(a)(4) of the FAA because an arbitrator "committed an error — or even a serious error"); *SSP Holdings Ltd. P'ship v. Lopez*, 432 S.W.3d 487, 497 (Tex. App.—San Antonio 2014, pet. denied) ("'To constitute misconduct requiring vacation of an award [under § 10(a)(3) of the FAA], an error in the arbitrator's determination must be one that is not simply an error of law . . . .'") (quoting *Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398, 399 (5th Cir. 2006)). Accordingly,

even if Saiz had preserved these issues for our review and had provided a complete record of the arbitration proceeding, the issues do not present grounds to support a vacatur under the FAA.

## CONCLUSION

The trial court's order is affirmed.

Sandee Bryan Marion, Chief Justice